**YOUNG & COMPANY OF HOUSTON,**
Appellant,

v.

**Robert S. CALVERT et al., Appellees.**

**No. 11418.**

Court of Civil Appeals of Texas.

Austin.

June 22, 1966.

Rehearing Denied July 13, 1966.

Eikel & Goller, Robert Eikel, Houston, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., H. Grady Chandler, Kerns B. Taylor, Asst. Attys. Gen., Don Bishop, Austin, for appellees.

PHILLIPS, Justice.

This is an appeal from a judgment of the District Court holding that taxes imposed by the Texas Limited Sales, Excise, and Use Tax Statute, Article 20.01 et seq., of Title 122A, Taxation-General, Vernon's Civ.St., are lawfully collectible on the amounts paid by a contracting stevedore to lease machines and equipment used in loading and unloading deep sea vessels engaged in foreign commerce.

We affirm this judgment.

Appellant Young & Company of Houston are contracting stevedores who, under contracts with owners and operators of ocean-going cargo vessels, load and unload such vessels at the Port of Houston, Harris County, Texas. Manual laborers (longshoremen) physically handle these cargoes on and off the vessels. Appellant furnishes these men tools for loading and unloading such as fork-lift trucks to handle palletized cargoes, grain trimming machines to trim and stow grain cargoes, heavy-lift machines for cargoes weighing several tons and squeeze machines to handle bales of cotton.

All of these machines and equipment used by appellant in carrying on its business are leased and the lease cost is figured into and is a part of the cost of doing business.

The appellee Comptroller determined that the abovementioned tax was due upon the lease rental paid by appellant to the lessors of the machines and equipment and made a deficiency tax assessment accordingly. The tax plus accrued interest was paid under protest and suit was filed pursuant to statute to recover such amounts as unlawfully assessed and collected after refund was refused.

Appellant is before this Court on a single point of error, being that of the trial court in holding the tax lawful on the machines and equipment the lease cost of which is here taxed were used by the stevedore as a necessary adjunct to carrying on its business, a business which is an integral part of foreign commerce. The sales and use tax here imposed is therefore an impost upon foreign commerce and its imposition is unlawful because (a) an exercise by a State of a power granted exclusively to the Congress of the United States by the Commerce Clause of the Constitution of the United States and (b) an impost or duty on imports and exports also forbidden to the States by the Constitution. Since the Texas Statute recognizes and exempts from taxation subjects which are prohibited to it by the Constitution of the United States, the tax is unlawful under the Texas Statute also.

We overrule this point.

Art. 20.02 imposes "a limited sales tax at the rate of two per cent (2%) on the receipts from the sale at retail of all tangible personal property within this State."

Article 20.01(D) defines "receipts" as meaning "the total amount of the sale or lease or rental price * * * of the rental sales of retailers * * *"

Article 20.04(A) exempts "the receipts from the sale, lease or rental of and the storage, use or other consumption in this State of tangible personal property the gross receipts from the sale, lease or rental of which, or the storage, use or other consumption of which, this State is prohibited from taxing under the Constitution or laws of the United States or under the Constitution of this State."

51 American Jurisprudence, Taxation, Sec. 206 states the following:

"The fact that property is used or employed in interstate or foreign commerce does not of itself render it immune or exempt from nondiscriminatory local taxation. This rule includes intangible as well as tangible property. * * * It is held, accordingly, that a state may levy taxes on property used in interstate or foreign commerce, located therein, by whatever name they may be called, that are fixed by reference to the value of the property, if they are not imposed because of such use, and if they amount to no more than would be legitimate as an ordinary tax upon the property, valued with reference to the use in which it is employed."

While generally a State is prohibited from imposing a tax upon the business or privilege of engaging in interstate or foreign commerce, a State excise tax which affects such commerce only incidentally or indirectly may be entirely valid "where it is clear that it is not imposed with the covert

purpose or with the effect of defeating rights under the commerce clause. Thus, the fact that a state tax increases the cost of doing business * * * does not necessarily render it an unconstitutional burden on such commerce." 51 Am.Jur. 268–270, Taxation, Sec. 207.

■ The tax here is not imposed upon appellant's stevedoring operation or its receipts therefrom, but the tax is imposed upon an independent transaction preparatory to such operation. This case is controlled by that line of decisions such as McGoldrick v. Berwind-White Coal Mining Company, 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940) and, more recently, Canton Company of Baltimore v. Comptroller of Treasury, Supreme Court of Maryland, 231 Md. 294, 190 A.2d. 92.

In McGoldrick the Court upheld the New York Sales Tax levied on coal shipped into New York from Pensylvania and construed the tax as being imposed on a local transaction which the State had a right to tax and not as an undue burden on interstate commerce as such. The Court held that it was not the purpose of the Commerce Clause to relieve those engaged in interstate commerce of their just share of the State tax burdens merely because the incidental or consequential effect of the tax is the increase of the cost of doing the business. That the tax imposed was for State purposes and that the State was not exercising any power which the Constitution has conferred upon the Congress. That it is only when the tax operates to regulate commerce between the States or with foreign nations to an extent which infringes the authority conferred upon Congress that the tax can be said to exceed the constitutional limitations. The Court further held that the tax was equal and that it did not aim at or discriminate against interstate commerce. That it was laid upon every purchaser within the State, of goods of consumption, regardless of whether they have been transported in interstate commerce.

In Canton Company of Baltimore, the Court upheld a State sales tax on the amount paid for leasing, loading and unloading equipment of a stevedoring company whose business was 98 percent foreign commerce and 2 percent interstate. The facts are similar to the case at bar. Here the Court held that the tax was not imposed directly upon the stevedoring operation. The Court held that the tax was on the continued right to possession of the leased property and was not a tax on the use of the property even though the amount of the tax was measured by the amount of the tonnage handled.

■ The tax in question here is a transaction tax and not a use tax. See Calvert v. Canteen Co., 371 S.W.2d 556, Supreme Court.

Appellant has cited cases such as Puget Sound Stevedoring Company v. Tax Commission of the State of Washington, 302 U.S. 90, 58 S.Ct. 72, 82 L.Ed. 68 (1937), and Joseph v. Carter & Weeks Stevedoring Co., 330 U.S. 422, 67 S.Ct. 815, 91 L.Ed. 993 (1947), in addition to others, which, in our opinion, are not applicable here. Both of these cases involved a general gross receipts tax on the privilege of doing the business of stevedoring.

■ Appellant is a domestic corporation doing business in Texas. Since it receives the same benefits as any other domestic corporation it must shoulder its share of the tax burdens. The tax in question is applicable to all lessees in Texas leasing equipment such as that used by appellant. The fact that appellant's equipment is used in the furtherance of foreign commerce is not controlling here. The tax is imposed on a local transaction and is levied in a field remaining to the States for purposes of revenue.

The judgment of the trial court is affirmed.

Affirmed.