**Bob BULLOCK, Comptroller of Public Accounts of Texas, et al., Appellants,**

v.

**DELTA INDUSTRIAL CONSTRUCTION CO., INC., Appellee.**

No. 13545.

Court of Appeals of Texas, Austin.

April 4, 1984.

Mark White, Atty. Gen., Bradley Seals, Asst. Atty. Gen., Austin, for appellants.

David W. Hilgers, Hilgers, Watkins & Kazen, P.C., Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

The Comptroller of Public Accounts and others (hereafter, the State) appeal that portion of the trial court's judgment which awarded Delta Industrial Construction Co., Inc. (hereafter, Delta) $7,157.43. This sum was attributed to local sales taxes and assessed by the State against Delta, which exhausted its administrative remedies, paid the amount under protest, and brought this suit. The suit was tried on written stipulations, the trial court rendered judgment for Delta, and this appeal by the State ensued. We will reverse the judgment of the trial court.

During the period for which it was audited, Delta was a general contractor engaged in performing construction contracts in the Beaumont-Orange area, pursuant to which it incorporated tangible personal property purchased by it into the real property of its customers. The terms of these contracts specified one lump-sum price for the performance of the construction services and the furnishing of construction materials. During the period in question, Delta purchased construction materials from sellers whose places of business were located within the city limits of cities which had enacted local sales and use taxes. Delta did not pay any local city sales or use taxes on these purchases. The purchased materials were then delivered by the sellers from the sellers' places of business to a construction site which was not within a city having enacted local sales and use taxes. At that point, the materials were transferred to Delta's possession and were incorporated into the real property at that site.

The State audited Delta and assessed a sales tax liability. The trial court ruled that the portion of the assessment at issue here was improper.

The State's single point of error is that the trial court's ruling was incorrect. It argues that the assessed liability is attributable to sales consumated within a jurisdiction which imposes a local sales tax and Delta is therefore subject to the local sales tax. Delta argues in response that the assessed tax is attributable to use rather than sales and Delta is not subject to such taxation because use of the materials occurred in a location not imposing a local use tax. We agree with the State's contention that Delta was properly assessed a sales tax.

The parties agree that the applicable law is Tex.Rev.Civ.Stat.Ann. art. 1066c (1969 Tex.Laws, 2nd Called Sess.; Ch. 1, § 39, at 84, later amended by 1978 Tex.Laws, 2nd Called Sess., Ch. 2 § 3, at 5), the Local Sales and Use Tax Act, which provides in § 2.B.:

> The sales tax portion of any local sales and use tax adopted under this Section is hereby imposed at the rate of one percent (1%) on the receipts from the sale at retail of all taxable items within any city adopting such tax....

Sec. 6 of the Act further provides:

> A. All applicable provisions contained in Chapter 20 of Title 122A shall apply to the collection of the tax imposed by this Act, except as modified in this Act.
>
> B.(1) For the purposes of the local sales tax imposed by this Act, all retail sales, leases and rentals, except sales of natural gas or electricity, are consummated at the place of business of the retailer unless the tangible personal property sold, leased, or rented is delivered by the retailer or his agent to an out-of-state destination or to a common carrier for delivery to an out-of-state destination or the taxable service is to be performed at an out-of-state location.

Thus, if sales took place, they are deemed to have occurred at the retailers' places of business. The parties agree that these locations were within cities imposing local sales and use taxes. The definition of the term "sale" for purposes of taxation

has been articulated by the legislature and incorporated by reference in the Local Sales and Use Tax Act at § 6.A. Such definition is binding on this Court, *see Gif-ford-Hill and Company v. State*, 442 S.W.2d 320 (Tex.1969), and is found in Tex. Tax.-Gen.Ann. art. 20.01 (1960):

> (K)(1)(a) 'Sale' means and includes any transfer of title or possession, or segregation in contemplation of transfer of title or possession, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration.

■ It is clear from the record that the construction materials, although delivered by the sellers into Delta's possession outside the cities where purchased, were transferred from the sellers to Delta for consideration and segregated in contemplation of such transfer of title or possession. We hold that sales subject to the local sales tax did take place.

■ Delta argues that the definition of "receipts" set out in Tex.Tax.-Gen.Ann. art. 20.01(D)(1), also incorporated by reference in § 6.A. of the Local Sales and Use Tax Act, contemplates that any tax liability will be paid by the recipients of the receipts. The sales tax, however, is a transaction tax, *Calvert v. Canteen Company*, 371 S.W.2d 556, 558 (Tex.1963), and either the seller or the purchaser may be looked to for payment of the tax. *See Young & Co. v. Calvert*, 405 S.W.2d 174 (Tex.Civ.App. 1966, writ ref'd), cert. denied, 386 U.S. 914, 87 S.Ct. 866, 17 L.Ed.2d 786 (1967).

■ We further find unpersuasive Delta's argument that the tax assessed was a use tax. The use tax is designed to complement the sales tax and to apply to situations in which the taxing authority is unable to assess a sales tax because the purchase took place outside its taxing jurisdiction and the property purchased is stored or used within its jurisdiction. *See Bullock v. Lone Star Gas Co.*, 567 S.W.2d 493, 497 (Tex.), cert. denied, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978). Such is not the case before this Court.

Accordingly, we reverse the judgment of the trial court and render judgment that the State recover the $7,157.43 assessed as Delta's local sales tax liability.