**SOUTH TEXAS CHLORINE, INC., Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, et al., Appellees.**

No. 3–89–038–CV.

Court of Appeals of Texas, Austin.

June 27, 1990.

Mark Cohen, Austin, for appellant.

Jim Mattox, Atty. Gen., Christine Monzingo, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant South Texas Chlorine, Inc. paid $50,119.37 under protest as a use tax deficiency. Appellant then filed suit against the Comptroller of Public Accounts and others to recover this sum. Both appellant and the Comptroller filed motions for summary judgment. The district court of Travis County granted the Comptroller's motion, denied that of South Texas Chlorine, and rendered judgment that appellant take nothing. We will affirm the judgment.

The facts are not disputed. Appellant South Texas Chlorine is a business operating in Texas. It purchases empty containers, fills them with chlorine gas, and then leases the containers in conjunction with the sale of the gas to the Acetylene Oxygen Company (AOC). On its invoices to AOC, South Texas Chlorine separately lists the container rental charge and the chlorine gas sales charge. AOC then resells the gas and subleases the containers. Once the gas is depleted, the customer requests a refill. AOC picks up the empty containers, South Texas Chlorine refills them, and AOC returns the filled containers to the customer.

Pursuant to an audit of the period January 1, 1983, to December 31, 1985, the Comptroller determined that the returnable containers were subject to a use tax and that the tax had not been paid. The auditor found that two of the containers may have been purchased in Texas, but that the remainder were purchased from out-of-state vendors.

The Comptroller defends the summary judgment upon the basis that he collected a

*use* tax from appellant rather than a sales tax. Appellant insists, however, that the Comptroller imposed a sales tax and not a use tax. Appellant's thesis overlooks the Comptroller's "Decision" which was rendered in this proceeding. In that decision, the administrative law judge specified that appellant "owed [a] *use* tax on the purchase price of the cylinders purchased out of state...." (Emphasis supplied.)

■ The Comptroller urges that the taxes were due pursuant to the use tax provisions of the Texas Tax Code. Specifically, the Comptroller claims that under this Court's opinion in *East Texas Oxygen Co. v. State,* 681 S.W.2d 741 (Tex.App.1984, no writ), a use tax was due on appellant's out-of-state purchase of the containers because of South Texas Chlorine's use of the containers within the State. We agree.

A sales tax is imposed on the sale of tangible personal property within the state. Tex. Tax Code Ann. § 151.051(a) (1982). On the other hand, a use tax is assessed when a party stores, uses or consumes a taxable item within the state. Tex. Tax Code Ann. § 151.101(a) (1982). There is a presumption that tangible personal property delivered, shipped or brought into Texas was purchased for storage, use, or consumption within Texas. Tex. Tax Code Ann. §§ 151.104 & 151.105 (1982 & Supp. 1990).

■ The use tax complements the sales tax. *Bullock v. Lone Star Gas Co.,* 567 S.W.2d 493, 497 (Tex.), cert. denied, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978). The use tax applies when a party uses or stores property within the State and such property escaped sales taxation by being purchased outside this State's taxing jurisdiction. *Id.; Bullock v. Delta Indus. Const. Co., Inc.,* 668 S.W.2d 502, 504 (Tex.App.1984, no writ). The use tax is imposed at the same rate the sales tax

would have been imposed on a similar instate purchase; it is assessed based on the item's sale price. Tex. Tax Code Ann. § 151.101(b) (1982).

■ The Comptroller observes correctly that this Court's previous opinion in *East Texas Oxygen* concerned a similar set of circumstances. In *East Texas Oxygen,* the company purchased containers in Texas from Texas suppliers for the purpose of delivering gas. The containers were leased in conjunction with the sale of the gas. The facts in this case are distinguishable from those in *East Texas Oxygen* in that here the purchase was made out-of-state rather than from a Texas vendor. A sales tax may not be applied constitutionally to those containers purchased out of state. *Lone Star Gas,* 567 S.W.2d at 497; *See McLeod v. Dilworth Co.,* 322 U.S. 327, 328–29, 64 S.Ct. 1023, 1024–25, 88 L.Ed. 1304 (1944).

However, a separate tax, the use tax, applies in the present appeal. Pursuant to the reasoning in *East Texas Oxygen,* we conclude that South Texas Chlorine made a taxable use of the containers within Texas. In *East Texas Oxygen,* this Court determined that "[East Texas Oxygen] used the cylinders by filling the cylinders with gas, and as a means of delivering gas to buyers." 681 S.W.2d at 747. Here, South Texas Chlorine uses the containers by filling them with chlorine gas and delivering them to AOC. Such use is subject to the use tax.

■ We conclude that South Texas Chlorine is not exempt from the use tax. As this Court stated in *East Texas Oxygen,* the sale for resale exemption is inapplicable in such a case; rather, the more specific container exemption applies. *Id.* at 743.[1] If a company would not be exempt for purposes of the sales tax, it is not exempt

---

1. Section 151.322, the container exemption, provides exemption for:

   (1) a container sold with its contents if the sales price of the contents is not taxed under this chapter;

   (2) a nonreturnable container sold without contents to a person who fills the container

and sells the contents and the container together; and

   (3) a returnable container sold with its contents or resold for refilling.

Tex. Tax Code Ann. § 151.322 (1982). Based on the purchase transaction, appellant fails to fit within any of these three exemptions. *See East Texas Oxygen,* 681 S.W.2d at 743–745.

for purposes of the use tax. South Texas Chlorine, therefore, is not exempt from the use tax. *See id.* at 747. Appellant's points of error are overruled.

The judgment of the district court is affirmed.