**BORDEN, INC., Appellant,**

v.

**John SHARP, Comptroller of Public Accounts of the State of Texas, and Dan Morales, Attorney General of the State of Texas, Appellees.**

No. 3–94–074–CV.

Court of Appeals of Texas, Austin.

Dec. 7, 1994.

Rehearing Overruled Jan. 11, 1995.

---

David H. Gilliland; Clark, Thomas & Winters, Austin, for appellant.

Dan Morales, Atty. Gen., Christine Monzingo, Asst. Atty. Gen., Austin, for appellee.

Before B.A. SMITH, JONES and KIDD, JJ.

KIDD, Justice.

Appellant Borden, Inc. sought a franchise tax refund for tax year 1982, which appellee John Sharp, Comptroller of Public Accounts ("Comptroller") denied. The district court subsequently granted the Comptroller's motion for summary judgment and denied Borden's motion for summary judgment, holding that limitations barred Borden's claim. Borden appeals, arguing that the plain language of the contested statute supports its contention that limitations had not run on its refund claim. We will affirm the district court's judgment.

## THE CONTROVERSY

This is a case of first impression, involving the construction of a former provision of the Texas Tax Code. *See* Act of May 10, 1983, 68th Leg., R.S., ch. 94, § 4, 1983 Tex.Gen. Laws 458, 459–60 (Tex.Tax.Code Ann. § 111.205(4), since repealed) (hereinafter the "refund-assessment exception"). On March 7, 1990, Borden filed a franchise tax refund claim for $113,116.83 that Borden alleged was erroneously paid for franchise tax year 1982. Borden had previously filed three tax refund claims for report year 1982, which were timely under the Tax Code's various limitations and tolling provisions.[1] *See* Tex. Tax Code Ann. § 111.201 (West 1992) (specifying that taxes must be assessed within four years); Tex.Tax Code Ann. § 111.107 (West 1992) (mandating that the period to file a refund claim is identical to the period for assessment); Tex.Tax Code Ann.

§ 111.207(d) (West 1992) (providing a tolling period during pendency of administrative proceedings).

At trial, Borden asserted that the refund claim at issue in the instant case was also timely under its construction of the limitation statutes, and therefore was not time-barred. The Comptroller disagreed, arguing that January 7, 1990 was the last day Borden could file 1982 claims and, thus, limitations barred Borden's claim, which was not filed until March 7, 1990. The district court granted the Comptroller's motion for summary judgment on the ground that limitations barred the refund claim and denied Borden's motion for summary judgment. Borden appeals by two points of error, both of which attack the district court's summary judgment rulings.

## THE STATUTORY FRAMEWORK

Borden's appeal involves several Tax Code sections that govern both limitations and tolling periods for various situations that arise under the Tax Code. Under the Tax Code, the Comptroller must generally assess a tax within four years of the date it becomes due and payable. Tex.Tax Code Ann. § 111.201 (West 1992 & Supp.1994) (hereinafter the "general assessment statute"). Because Borden's claim was filed more than four years after the tax became due and payable, the general assessment statute bars Borden's claim unless another provision of the statutory scheme operates to permit it. Although the Tax Code provides numerous limitations and tolling provisions, Borden's construction of the code principally involves two provisions.

■ Borden primarily relies on the refund-assessment exception to support its contention that the March 7, 1990 claim was not time-barred. Act of May 10, 1983, 68th Leg., R.S., ch. 94, § 4, 1983 Tex.Gen.Laws 458, 459–60 (Tex.Tax Code Ann. § 111.205(4), since repealed). The parties noted that subsection (4) was added to section 111.205, which had been coined the "wrongdoer statute," despite the fact that it was not intended

---

1. These three refund claims for the 1982 tax year were filed on September 30, 1986, January 17, 1989, and March 14, 1989.

to penalize any taxpayer wrongdoing.[2] The refund-assessment exception of subsection (4) provided:

> The limitation provided by Section 111.201 of this code does not apply and the comptroller may assess a tax imposed by this title *at any time* if:
>
> . . . .
>
> (4) a taxpayer has filed a timely claim for refund with the comptroller; however, the assessment is limited to the period and type of tax for which the refund is sought.

Act of May 10, 1983, 68th Leg., R.S., ch. 94, § 4, 1983 Tex.Gen.Laws 458, 459–60 (Tex. Tax Code Ann. § 111.205(4), since repealed) (emphasis added). This exception was designed to allow the Comptroller to assess a tax for the same period and type of tax for which a refund is sought without the constraint of the general assessment statute's normal four-year limitations period. *See* Tex.Tax Code Ann. § 111.201 (West 1992 & Supp.1994).

■ Although the refund-assessment exception is clearly intended to extend only the time period for assessment and not for filing refund claims, another Tax Code provision appears to equalize the limitations periods for both assessments and refunds:

> A person may request a refund or a credit or the comptroller may make a refund or issue a credit for the overpayment of a tax imposed by this title at any time before the expiration of the period during which the comptroller may assess a deficiency for the tax and not thereafter. . . .

Act of June 10, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex.Gen.Laws 1490, 1508 (Tex.Tax Code Ann. § 111.107, since amended) (hereinafter the "limitations provision"). The purpose of the limitations provision is to "level the playing field" between the Comptroller and a taxpayer by making the limitations periods for both refunds and assessments the same. The Comptroller has indicated in previous rulings that the limitations provision equalizes periods for assessment and refund in tax statutes that facially concern only assessment. *See* Comptroller Decision No. 27,-761, 1991 Tex.Tax LEXIS 343, at *3 (Nov. 4, 1991); Comptroller Decision No. 22,177, 1988 Tex.Tax LEXIS 331, at *2 *(June 29, 1988)*.

## THE PARTIES' POSITIONS

The interaction of the limitations provision and the refund-assessment exception creates the critical issue that we must resolve in the instant cause. On its face, the limitations provision appears to encompass the type of tax assessment that the refund-assessment exception mandated. To briefly summarize Borden's argument: The refund-assessment exception appears to grant the Comptroller unlimited time in which to assess a tax for a particular year once a timely refund claim has been filed for that year. Act of May 10, 1983, 68th Leg., R.S., ch. 94, § 4, 1983 Tex. Gen.Laws 458, 459–60 (Tex.Tax Code Ann. § 111.205(4), since repealed). Because the Comptroller obtained an indefinite period in which to assess taxes, the limitations provision entitled the taxpayer to the same time period to file refund claims in order to maintain a level playing field. *See* Tex.Tax Code Ann. § 111.107 (West 1992 & Supp.1994). Under this construction, Borden asserts that since its three timely refund claims for 1982 make it vulnerable to assessments by the Comptroller *at any time* under the refund-assessment exception, Borden should have an indefinite period in which to file refund claims for 1982, thereby making its March 7, 1990 claim timely.

The Comptroller responds that Borden's claim is time-barred because the refund-assessment exception granted the Comptroller only a *limited* assessment right much in the

---

**2.** Before the addition of subsection (4), section 111.205 provided:

> The limitation provided by Section 111.201 of this code does not apply and the comptroller may assess a tax imposed by this title at any time if:
>
> (1) with intent to evade the tax, the taxpayer files a false or fraudulent report;
>
> (2) no report for the tax has been filed; or

> (3) information contained in the report of the tax contains a gross error and the amount of tax due and payable after correction of the error is 25 percent or more greater than the amount initially reported.

Act of June 10, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex.Gen.Laws 1490, 1509 (Tex.Tax Code Ann. § 111.205, since amended).

nature of a counterclaim by allowing it to assess a tax deficiency if, after examining a refund claim, the Comptroller concluded that the taxpayer owed additional taxes. Further, the Comptroller's assessment right was a limited one because the statute only permitted a deficiency assessment for the taxable year and the type of tax for which the taxpayer sought a refund. Although the Comptroller contends that its office has consistently interpreted the statute as granting only a counterclaim right *during the pendency* of the refund claim, Borden responds that the agency's interpretation should receive no deference because the statute unambiguously gives the Comptroller the right to assess deficiencies *at any time*. *See Meno v. Kitchens*, 873 S.W.2d 789, 791–92 (Tex. App.—Austin 1994, writ denied) (statute must be ambiguous before a reviewing court can give weight to agency interpretation). To determine whether the limitations provision is applicable to the refund-assessment exception, we must explore these provisions to ascertain whether Borden's construction of the statutory scheme is legitimate.

## DISCUSSION

The issue presented here concerns whether the limited assessment right provided for in the refund-assessment exception falls under the limitations provision. Borden argues that the refund-assessment exception is unambiguous on its face and, thus, the limitations provision should automatically apply to it. In determining the meaning of a statute, we must consider the entire act, its nature and object, and the consequences that follow from each construction. *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991). Under the plain meaning rule, if a statute is clear and unambiguous, resort to extrinsic aids and rules of statutory construction is inappropriate, and the statute should be given its common everyday meaning. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983); *Ex Parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974). However, if the application of the statute's plain language would lead to absurd consequences that the legislature could not have possibly intended, then the statutory language should not be applied literally. *House of Lloyd*, 815 S.W.2d at 249;

*Meno*, 873 S.W.2d at 792; *King v. Texas Employers' Ins. Ass'n*, 716 S.W.2d 181, 183 (Tex.App.—Fort Worth 1986, no writ).

Under Borden's construction of the refund-assessment exception, once the taxpayer has filed a *single* timely refund claim, the limitations period for all subsequent refund claims would be extended indefinitely. This construction, however, is contrary to the purpose of a statute of limitations, which is to establish a point of repose and to terminate stale claims. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990). Because attributing Borden's construction to the refund-assessment exception would lend immortality to stale claims, we conclude that the plain meaning rule does not apply here, and we may use extrinsic aids to determine the meaning of the refund-assessment exception. *See Meno*, 873 S.W.2d at 792.

In construing a statute, if its literal enforcement would "lead to consequences which the legislature could not have contemplated, courts are bound to presume that such consequences were not intended and adopt a construction that will promote the purpose for which the legislation was passed." *King*, 716 S.W.2d at 183. In 1967, the legislature enacted the predecessor statutes to section 111.205 and the limitations provision as part of a comprehensive statute of limitations package. Act of June 12, 1967, 60th Leg., R.S., ch. 448, § 1, 1967 Tex.Gen.Laws 1019, 1021 (Tex.Rev.Civ.Stat.Ann. art. 1.045, subds. (A), (G), since repealed). In suspending the constitutional requirement that bills be read on three separate occasions before an act can take effect, the legislature noted:

> The fact that there is an urgent need for limiting the time for collection of taxes and limiting time for making refunds for overpayment of taxes so that the Comptroller and the taxpayer both need not unduly retain old books and records that are not needed and so that the State need not provide valuable and expensive storage space for unneeded tax records creates an emergency and an imperative public necessity....

*Id.* at § 4. The Comptroller correctly notes that Borden's construction appears to run

completely counter to the original legislative intent in enacting the predecessor provisions to section 111.205 and the limitations provision. However, the limitations provision was amended in 1981 to specifically equalize the periods for assessment and refund, except in certain circumstances. Act of June 10, 1981, 67th Leg., R.S., ch. 389, § 1, Tex.Gen.Laws 1490, 1508 (Tex.Tax Code Ann. § 111.107, since amended). Thus, on its face, it appears that the limitations provision did apply to the refund-assessment exception *if* this exception involved the same type of assessment that the limitations provision contemplates. To ascertain whether the limitations provision encompasses the "assessment" the refund-assessment exception provides for, we must examine the legislative history of this exception.

■ The Comptroller requested and drafted the bill that subsequently resulted in the refund-assessment exception. *See* HOUSE COMM. ON WAYS AND MEANS, BILL ANALYSIS, Tex.S.B. 581, 68th Leg., R.S. 1 (1983) (statement of Senator Farabee). The express purpose of Senate Bill 581 was to "toll the limitations for all purposes so the Comptroller can both refund within the period as well as pick up any deficiency missed during the earlier audit," and subsection 4 was described as providing that "limitations will not bar the assessment of tax when a taxpayer seeks a refund of the *same type of tax for the same period.*" *Id.* (emphasis added). Clearly, the legislature did not intend that the refund-assessment exception would give a taxpayer unlimited time in which to file a refund; instead it specifically directs that when a taxpayer has timely filed a claim, the normal period of limitations should not bar the State from assessing any deficiencies for that same period. *Id.* Applying the limitations provision to the refund-assessment exception appears to flout the original legislative intent of allowing the Comptroller a limited right of assessment much in the nature of an offset or a counterclaim directed at the refund claim period and type of tax involved.

In further support of its position, the Comptroller urges that we analyze the 1983 Act as a whole in order to determine what objectives the legislature intended to achieve in enacting the legislation. *See House of Lloyd,* 815 S.W.2d at 249 (to determine meaning of a statute, court must consider the entire act). In the same act as the refund-assessment exception, the legislature also enacted section 111.207(d), which provides:

> In determining the expiration date for filing a refund claim for a tax imposed by this title, the period during which an administrative proceeding is pending before the comptroller for the same period and type of tax is not considered; however, this provision does not authorize the filing of a refund claim for the same transaction or item, for the same type of tax, and for the same time period as a refund claim previously filed and granted or denied in whole or in part by the comptroller.

Act of May 10, 1983, 68th Leg., R.S., ch. 94, § 3, 1983 Tex.Gen.Laws 458, 459 (Tex.Tax Code Ann. § 111.207(d) (West 1992)) (hereinafter the "tolling provision"). Borden argues that the refund-assessment exception did not render the tolling provision mere surplusage; instead, the tolling provision was just "partially subsumed" because it also tolls limitations during a redetermination hearing, which is not affected by the refund-assessment exception. Borden correctly asserts that subsection (d) is applicable to redetermination hearings; however, Borden ignores the fact that the legislature explicitly mandated that the tolling provision applies to *all* administrative proceedings, which undoubtedly include refund-claim proceedings. *See* Tex.Tax Code Ann. § 111.207(d) (West 1992). Despite Borden's assertion that the *refund-assessment exception does not render the tolling provision a nullity,* we fail to see how the two statutes can be harmonized so as to give effect to both. Under Borden's construction of the refund-assessment exception, a taxpayer can extend limitations indefinitely merely by filing a single timely refund claim. Once a timely refund claim is filed, limitations can never bar subsequent refund claims for the same period and type of tax. Taking Borden's construction as true, the tolling provision becomes unnecessary surplusage because it appears to toll a limitations period that no longer exists once a timely refund claim has been filed.

In statutory construction, all words and phrases of an entire act must be considered together, and "one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such construction if standing alone." *Black v. American Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex.1972). We must give effect to all the words of a statute and may not treat any statutory language as surplusage. *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987); *Lake LBJ Mun. Util. Dist. v. Coulson*, 839 S.W.2d 880, 894 (Tex.App.—Austin 1992, no writ); *see also Carbide Int'l, Ltd. v. State*, 695 S.W.2d 653, 658 (Tex.App.—Austin 1985, no writ) (statutory language should not be held meaningless if result is avoidable by a reasonable construction). In order to give effect to the tolling provision, it appears necessary to conclude that the legislature did not intend the refund-assessment exception to be a general assessment that would trigger the equalization provisions of the limitations provision and extend the limitations period indefinitely.

Nor can we ignore the Comptroller's interpretation of the refund-assessment exception. Construction of a statute by an administrative agency charged with its enforcement is entitled to serious consideration, as long as the construction is reasonable and does not contradict the plain language of the statute. *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex.1993); *Meno*, 873 S.W.2d at 791. The Comptroller argues that it has consistently interpreted the refund-assessment exception as providing only *a limited counterclaim right* in situations in which the Comptroller, while examining a claim for refund, concludes that the taxpayer owes additional tax for the same taxable period. The Comptroller presented affidavits from various Comptroller employees during the summary-judgment proceeding as evidence that the Comptroller has consistently interpreted the refund-assessment exception as permitting the Comptroller to assert a counterclaim *during the pendency* of a refund proceeding, provided that the same year and type of tax are involved. Borden responds that the Comptroller has never issued a decision in a contested case, promulgated a rule, or issued a letter ruling that is inconsistent with the plain language of the refund-assessment exception, and that the Comptroller is relying exclusively on its employees' self-serving affidavits. Borden, however, offered no evidence at the summary judgment proceeding to counter the Comptroller's proffered interpretation of the refund-assessment exception. Therefore, we will give deference to the agency interpretation of the refund-assessment exception as a limited counterclaim right that does not invoke the application of the limitations provision. *See Tarrant Appraisal Dist.*, 845 S.W.2d at 823.

In light of our review of the extrinsic aids of legislative history and agency interpretation, we conclude that the limitations provision does not apply to the limited assessment right that the Comptroller was granted under the refund-assessment exception. This limited counterclaim right simply does not encompass the type of general assessment that the limitations provision envisions in the application of an equalization principle.

Our determination leads us to the conclusion that Borden's claim was time-barred. Because Borden was not given unlimited time to file refunds under the refund-assessment exception and the limitations provision, we agree with the Comptroller that limitations ran on 1982 refund claims on January 7, 1990. Borden's March 7, 1990 claim was therefore time-barred. As a result of the running of limitations, the summary judgment was proper because no material fact issues were in dispute once the trial court correctly determined that Borden was barred from filing this refund claim. *See Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). We overrule Borden's first and second points of error.

## CONCLUSION

The trial court did not err in granting summary judgment for the Comptroller and in denying Borden's motion for summary judgment because Borden's claim for refund was time-barred under the applicable limita-

tions statutes of the Tax Code. We affirm the judgment of the trial court.

Affirmed.