FORMOSA PLASTICS CORPORATION OF TEXAS, Appellant,

v.

John SHARP, Comptroller of Public Accounts of the State of Texas and Dan Morales, Attorney General of the State of Texas, Appellees.

No. 03–97–00788–CV.

Court of Appeals of Texas, Austin.

Oct. 22, 1998.

Troy L. Voelker, McNery & Voelker, P.C., Round Rock, TX, for Appellant.

Dan Morales, Attorney General, Lucy Glover, Assistant Attorney General, Austin, TX, for Appellee.

Before Chief Justice YEAKEL, Justices ABOUSSIE and JONES.

JONES, Justice.

Appellant Formosa Plastics Corporation of Texas ("Formosa") sued appellees the Comptroller of Public Accounts and the Attorney General of the State of Texas for a refund of franchise tax previously paid. *See* Tex. Tax Code Ann. § 112.151 (West 1992).[1] The

---

1. The Tax Code required Formosa to sue both the Comptroller and the Attorney General. *See*

Comptroller filed a motion for summary judgment which the trial court granted. We will affirm.

## BACKGROUND

In early 1993, the Comptroller began an audit of Formosa for franchise taxes reported in 1989, 1990, and 1991. The limitations period for an assessment of the 1989 tax year would have expired on March 15, 1993, so the parties entered into a written agreement extending the limitations period for the 1989 tax year to December 31, 1993.

During an exit interview at the completion of the audit on May 19, the Comptroller's auditor informed Formosa that the audit showed Formosa owed additional tax for 1989, 1990, and 1991 in the amount of $3,122,-860.20. Following the auditor's oral notice, Formosa sent a check to the Comptroller for $3,122,860.20 on June 10, and requested a waiver of penalty.

In a letter dated June 28, the Comptroller notified Formosa that the final results of the audit showed that Formosa owed $2,944,-239.67 in franchise taxes for 1989, 1990, and 1991. The letter granted Formosa's request for a waiver of penalty and explained that Formosa's June 10 payment had been applied to the audit, resulting in an overall credit balance. The letter also informed Formosa that it was entitled to a redetermination hearing if it disagreed with the audit results. On July 29, the Comptroller refunded Formosa for its overpayment in the amount of $177,987.23.

On March 14, 1994, Formosa sent a letter to the Comptroller requesting a refund hearing on the total amounts paid as a result of the Comptroller's audit for 1989, 1990, and 1991. Following an administrative hearing, the Comptroller concluded that Formosa was entitled to a full refund for the amounts assessed for 1990 and 1991, but that no refund was due for 1989 because Formosa's refund request was barred by limitations.

Tex. Tax Code Ann. § 112.151(b) (West 1992). However, the interests of the Comptroller and the Attorney General do not diverge in this case. Therefore, we will refer to both collectively as "the Comptroller" for the purposes of this opinion.

The Comptroller issued an amended audit report on July 15, showing a credit of $2,083,-290.36 for 1990 and 1991.[2] The Comptroller subsequently refunded Formosa for its overpayment for 1990 and 1991.

Having exhausted its administrative remedies, Formosa sued the Comptroller in district court for a refund of the 1989 franchise taxes. See Tex. Tax Code Ann. § 112.151. The Comptroller filed a motion for summary judgment arguing that Formosa waived its right to a refund by filing outside the applicable limitations period. The trial court granted summary judgment in favor of the Comptroller. On appeal, Formosa presents two issues in which it contends that summary judgment was improper because (1) a fact issue exists regarding whether Formosa received notice of a deficiency determination which would have started the six-month limitations period running, and (2) the four-year statute of limitations had not expired at the time Formosa made its request for a refund of the overpayment for 1989.

## DISCUSSION

The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing there is no genuine issue of fact and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Because the propriety of summary judgment is a question of law, we review the trial court's decision de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). When a trial court does not state the basis for its decision in its summary-judgment order, we must uphold the order if any of the theories advanced in the motion are meritorious.

2. The amended audit report showed that $624,-044.70, plus interest, was assessed against Formosa for the 1989 tax period.

*Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989). Conversely, we must reverse the order if we find no valid legal basis in the motion. Because the trial court did not state the basis for its ruling in the present case, we will assume for purposes of this opinion that the court agreed with each of the Comptroller's contentions in its motion.

### Notice of Deficiency Determination

In its first issue presented, Formosa contends that the June 28, 1993 letter it received from the Comptroller's auditor did not constitute a "deficiency determination." Therefore, Formosa asserts, the six-month limitations period for filing a refund request under section 111.104(c)(3) was not triggered.[3] In support of this point, Formosa argues that the summary judgment evidence shows it was the practice of the Comptroller to send out a formal notice of deficiency determination approximately one month after sending the auditor's letter so that the taxpayer would have an opportunity to review the auditor's results; as to Formosa's audit, however, the Comptroller did not follow the auditor's June 28 letter with the formal notice of deficiency determination. Because the Comptroller failed to follow its policy of sending a formal notice of deficiency determination, Formosa asserts, the six-month limitation period for requesting a redetermination of the 1989 audit results was not triggered.

The Tax Code provides a series of procedures applicable to the collection and enforcement of taxes, including franchise taxes. *See* Tex. Tax Code Ann. § 111.001 et seq. (West 1992 & Supp.1998). Section 111.008 addresses deficiency determinations, providing in pertinent part:

(a) If the comptroller is not satisfied with a tax report or the amount of the tax required to be paid to the state by a person, the comptroller may compute and determine the amount of tax to be paid

from information contained in the report or from any other information available to the comptroller.

(b) On making a determination under this section, the comptroller shall notify the person against whom a determination is made of the determination. The notice may be given by mail or by personal service.

*Id.* § 111.008(a), (b) (West 1992). Formosa contends that in 1993 it was the practice of the Comptroller to use a standardized form notice of deficiency to advise the taxpayer that a deficiency had been determined. This standardized form specified the date by which a redetermination hearing must be requested, gave notice of the consequences for failing to request a hearing, and cited section 111.008 of the Tax Code. However, section 111.008 does not require the Comptroller to use a particular form or specific language to properly notify the taxpayer of the Comptroller's deficiency determination. Thus, even assuming the Comptroller failed to use a standard notice, Formosa may still have received adequate notice under section 111.008.

■ The June 28 letter from the Comptroller's auditor notified Formosa of the following: (1) the Comptroller had completed the audit; (2) the Comptroller had assessed additional taxes due for 1989, 1990, and 1991 in the amount of $2,944,239.67; (3) the Comptroller had received and credited Formosa's $3,122,860.20 payment; and (4) Formosa had a right to request a redetermination. Formosa does not dispute the contents of the letter or its receipt thereof. Therefore, we conclude as a matter of law that the June 28 letter provided Formosa proper notice under section 111.008 of the Tax Code. *See generally Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47–48 (Tex.1965).[4] Issue one is overruled.

---

**3.** Section 111.104 of the Tax Code provides in pertinent part:

(c) A claim for refund must:
(1) be written
(2) state the grounds on which the claim is founded; and
(3) be filed before the expiration of the applicable limitation period as provided by this

code or before the expiration of six months after a jeopardy or deficiency determination becomes final, whichever period expires later.

Tex. Tax Code Ann. § 111.104(c) (West 1992).

**4.** We also note that the evidence before the trial court indicated that the Comptroller only sent the standard notice of deficiency determination

*Limitations Period for Claim of Overpayment*

In its second issue presented, Formosa argues that under the applicable limitations provisions of the Tax Code it has four years from the date of overpayment to seek a refund. Formosa contends that since its refund request was filed less than a year after it overpaid its 1989 taxes, it is entitled to a full refund of the 1989 payment.

The limitations provisions of the Tax Code applicable to refund requests are numerous and complex. *See Overhead Door Corp. v. Sharp*, 970 S.W.2d 74, 76–78 (Tex.App.—Austin 1998, no pet.). As previously stated, section 111.104(c) requires the taxpayer to file a refund request before the applicable limitation period provided by the Tax Code or before the expiration of six months after a deficiency determination becomes final, whichever period expires later.[5] Taxpayers are permitted to request a refund under section 111.107, which provides in pertinent part:

> Except as otherwise provided, a person may request a refund or a credit or the comptroller may make a refund or issue a credit for the overpayment of a tax imposed by this title at any time before the expiration of the period during which the comptroller may assess a deficiency for the tax and not thereafter.

Tex. Tax Code Ann. § 111.107 (West Supp. 1998).

Formosa contends that the applicable limitation period is provided in section 111.108, which, at the time Formosa filed its 1994 refund request, read as follows:

> (a) Within four years after the date that a refund is erroneously paid or an amount of credit is erroneously allowed, the comptroller may recover the refund or credit in a jeopardy or deficiency determination.

> (b) This section does not extend or toll a period of limitation under this title for filing a timely claim for a refund.

Tex. Tax Code Ann. § 111.108(a), (b) (West Supp.1998). Relying on this Court's decision in *Borden, Inc. v. Sharp*, 888 S.W.2d 614 (Tex.App.—Austin 1994, writ denied), Formosa argues that because section 111.108 allows the Comptroller to recover an erroneous refund at any time within the four years after it is made, Formosa, as a taxpayer, should be likewise accorded the right to recover its erroneous overpayment within four years after making the overpayment. Thus, Formosa asserts, because it overpaid its 1989 taxes on June 10, 1993, it had the right to file a refund request until June 10, 1997. Accordingly, Formosa claims its March 14, 1994 refund request was not barred by limitations.

▬▬▬ Formosa's reliance on section 111.108 is misplaced. Formosa's argument is based on section 111.108 as it existed at the time the Comptroller sent its June 28, 1993 notice to Formosa. Before September 1, 1993, section 111.108 read:

> The comptroller may recover an amount of refund erroneously paid or an amount of credit erroneously allowed in a jeopardy or deficiency determination issued within four years after the date or refund or credit.

Act of May 31, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex.Gen.Laws 1492. The amending legislation did not include a savings clause. *See* Act of May 28, 1993, 73rd Leg., R.S., ch. 587, § 9, 1993 Tex.Gen.Laws 2223. Because the amendment became effective before Formosa filed its 1994 refund request, however, we assume the amended version is applicable to this case. *See Overhead Door,* 970 S.W.2d at 77 n. 6. The current version of section 111.108 establishes the amount of time the Comptroller may seek to recover a refund or credit previously given. *Id.* at 77. "The legislature has expressly stated this

---

to taxpayers who had not paid the tax amount due at the time the auditor's letter was sent to the taxpayer. In the instant case, Formosa made payment to the Comptroller prior to its receipt of the June 28 letter. Because Formosa owed no money to the Comptroller, the Comptroller did not send Formosa a formal notice of deficiency determination. Formosa contends that the Comptroller now sends standard notices

to taxpayers whose audit has resulted in a credit determination. However, the fact that the Comptroller has now begun to send such notices to audited taxpayers who have overpaid has no bearing on our decision regarding the sufficiency of the notice Formosa received in this case.

**5.** *See supra* note 3.

provision is not to be used to determine the limitations period for filing a refund claim." *Id.* (citing Tex. Tax.Code Ann. § 111.108(b)).

Formosa's reliance on *Borden* is also misplaced. In *Borden* we discussed a refund-assessment exception to the applicable limitations period that was repealed before Formosa filed its refund request. *See* Act of May 31, 1982, 67th Leg., R.S., ch. 389, § 1, 1981 Tex.Gen.Laws 1492, amended by Act of Apr. 29, 1983, 68th Leg., R.S., ch. 94, § 4, 1983 Tex.Gen.Laws 458, 459–60 (Tex. Tax Code Ann. § 111.205(4), since repealed); Act of May 28, 1993, 73rd Leg., R.S., ch. 587, § 10, 1993 Tex.Gen.Laws 2223 (repealing section 111.205(4)). Even in the face of the exception, however, we concluded that the applicable limitations period under section 111.201 applies to refund claims. *Borden,* 888 S.W.2d at 618–20; *see also Overhead Door,* 970 S.W.2d at 78 n. 8.

■ Section 111.201 of the Tax Code provides that "no tax imposed by this title may be assessed after four years from the date that the tax becomes due and payable." Tex. Tax Code Ann. § 111.201 (West Supp. 1998).[6] Applying the four-year limitations period provided in section 111.201 to the requirements of sections 111.104 and 111.107, we conclude that Formosa had until March 15, 1993, to file a timely refund request on its 1989 tax payment. Both Formosa and the Comptroller agreed to extend the Comptroller's tax-assessment period under section 111.201 to December 31, 1993. Thus, Formosa was also granted an extension to file its refund request until December 31, 1993. Formosa did not file its refund request on its 1989 tax payment until March 14, 1994.

■ Further, having previously held that the June 28, 1993 letter met the notice requirements under section 111.008 of the Tax

Code, we note that under section 111.104 Formosa was entitled to file its refund request before the expiration of six months after the June 28 notice became final on July 28. *See* Tex. Tax Code Ann. § 111.104(c)(3). Under that provision, therefore, Formosa had until January 28, 1994, to file its refund request for its 1989 tax payment. Formosa's March 14, 1994 refund request was untimely under section 111.104. Accordingly, we overrule issue two.

### CONCLUSION

Having overruled Formosa's two issues presented, we affirm the judgment of the trial court.

---

**6.** When Formosa filed its refund request, section 111.201 contained an additional reference to refunds, which read:

(b) No refund of any tax imposed by this title may be made by the comptroller after four years after the date that the tax was paid, except on tolling of the statute of limitations for refunds as provided in this title.

Act of May 24, 1993, 73rd Leg., R.S., ch. 486, § 1.105, 1993 Tex .Gen.Laws 1900, 1902 (Tex. Tax Code Ann. § 111.201, since amended). The

legislature amended the provision in 1995 to remove the reference to refunds. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 1000, §§ 4, 74(a), 1995 Tex.Gen.Laws 5009 (§ 4 codified as Tex. Tax Code Ann. § 111.201; § 74(a) not codified). Because the issue in this case concerns the timeliness of Formosa's refund request, subsection (b) does not apply. Accordingly, we will refer to the current version of section 111.201 for purposes of this opinion.