TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00788-CV






Formosa Plastics Corporation of Texas, Appellant



v.



John Sharp, Comptroller of Public Accounts of the State of Texas and 


Dan Morales, Attorney General of the State of Texas, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 95-14075, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 Appellant Formosa Plastics Corporation of Texas ("Formosa") sued appellees the
Comptroller of Public Accounts and the Attorney General of the State of Texas for a refund of
franchise tax previously paid. See Tex. Tax Code Ann. § 112.151 (West 1992). (1) The
Comptroller filed a motion for summary judgment which the trial court granted. We will affirm.


BACKGROUND


 In early 1993, the Comptroller began an audit of Formosa for franchise taxes
reported in 1989, 1990, and 1991. The limitations period for an assessment of the 1989 tax year
would have expired on March 15, 1993, so the parties entered into a written agreement extending
the limitations period for the 1989 tax year to December 31, 1993.

 During an exit interview at the completion of the audit on May 19, the
Comptroller's auditor informed Formosa that the audit showed Formosa owed additional tax for
1989, 1990, and 1991 in the amount of $3,122,860.20. Following the auditor's oral notice,
Formosa sent a check to the Comptroller for $3,122,860.20 on June 10, and requested a waiver
of penalty.

 In a letter dated June 28, the Comptroller notified Formosa that the final results of
the audit showed that Formosa owed $2,944,239.67 in franchise taxes for 1989, 1990, and 1991. 
The letter granted Formosa's request for a waiver of penalty and explained that Formosa's June
10 payment had been applied to the audit, resulting in an overall credit balance. The letter also
informed Formosa that it was entitled to a redetermination hearing if it disagreed with the audit
results. On July 29, the Comptroller refunded Formosa for its overpayment in the amount of
$177,987.23.

 On March 14, 1994, Formosa sent a letter to the Comptroller requesting a refund
hearing on the total amounts paid as a result of the Comptroller's audit for 1989, 1990, and 1991. 
Following an administrative hearing, the Comptroller concluded that Formosa was entitled to a
full refund for the amounts assessed for 1990 and 1991, but that no refund was due for 1989
because Formosa's refund request was barred by limitations. The Comptroller issued an amended
audit report on July 15, showing a credit of $2,083,290.36 for 1990 and 1991. (2) The Comptroller
subsequently refunded Formosa for its overpayment for 1990 and 1991.

 Having exhausted its administrative remedies, Formosa sued the Comptroller in
district court for a refund of the 1989 franchise taxes. See Tex. Tax Code Ann. § 112.151. The
Comptroller filed a motion for summary judgment arguing that Formosa waived its right to a
refund by filing outside the applicable limitations period. The trial court granted summary
judgment in favor of the Comptroller. On appeal, Formosa presents two issues in which it
contends that summary judgment was improper because (1) a fact issue exists regarding whether
Formosa received notice of a deficiency determination which would have started the six-month
limitations period running, and (2) the four-year statute of limitations had not expired at the time
Formosa made its request for a refund of the overpayment for 1989. 


DISCUSSION


 The standards for reviewing a summary judgment are well established: (1) the
movant for summary judgment has the burden of showing there is no genuine issue of fact and that
it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed
fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as
true; and (3) every inference must be indulged in favor of the non-movant and any doubts resolved
in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
Because the propriety of summary judgment is a question of law, we review the trial court's
decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a trial
court does not state the basis for its decision in its summary-judgment order, we must uphold the
order if any of the theories advanced in the motion are meritorious. Rogers v. Ricane Enters.,
Inc., 772 S.W.2d 76, 79 (Tex. 1989). Conversely, we must reverse the order if we find no valid
legal basis in the motion. Because the trial court did not state the basis for its ruling in the present
case, we will assume for purposes of this opinion that the court agreed with each of the
Comptroller's contentions in its motion.


Notice of Deficiency Determination

 In its first issue presented, Formosa contends that the June 28, 1993 letter it
received from the Comptroller's auditor did not constitute a "deficiency determination." 
Therefore, Formosa asserts, the six-month limitations period for filing a refund request under
section 111.104(c)(3) was not triggered. (3) In support of this point, Formosa argues that the
summary judgment evidence shows it was the practice of the Comptroller to send out a formal
notice of deficiency determination approximately one month after sending the auditor's letter so
that the taxpayer would have an opportunity to review the auditor's results; as to Formosa's audit,
however, the Comptroller did not follow the auditor's June 28 letter with the formal notice of
deficiency determination. Because the Comptroller failed to follow its policy of sending a formal
notice of deficiency determination, Formosa asserts, the six-month limitation period for requesting
a redetermination of the 1989 audit results was not triggered. 

 The Tax Code provides a series of procedures applicable to the collection and
enforcement of taxes, including franchise taxes. See Tex. Tax Code Ann. § 111.001 et seq. (West
1992 & Supp. 1998). Section 111.008 addresses deficiency determinations, providing in pertinent
part:


(a) If the comptroller is not satisfied with a tax report or the amount of the tax
required to be paid to the state by a person, the comptroller may compute and
determine the amount of tax to be paid from information contained in the report or
from any other information available to the comptroller.


(b) On making a determination under this section, the comptroller shall notify the
person against whom a determination is made of the determination. The notice
may be given by mail or by personal service.



Id. § 111.008(a), (b) (West 1992). Formosa contends that in 1993 it was the practice of the
Comptroller to use a standardized form notice of deficiency to advise the taxpayer that a deficiency
had been determined. This standardized form specified the date by which a redetermination
hearing must be requested, gave notice of the consequences for failing to request a hearing, and
cited section 111.008 of the Tax Code. However, section 111.008 does not require the
Comptroller to use a particular form or specific language to properly notify the taxpayer of the
Comptroller's deficiency determination. Thus, even assuming the Comptroller failed to use a
standard notice, Formosa may still have received adequate notice under section 111.008.

 The June 28 letter from the Comptroller's auditor notified Formosa of the
following: (1) the Comptroller had completed the audit; (2) the Comptroller had assessed
additional taxes due for 1989, 1990, and 1991 in the amount of $2,944,239.67; (3) the
Comptroller had received and credited Formosa's $3,122,860.20 payment; and (4) Formosa had
a right to request a redetermination. Formosa does not dispute the contents of the letter or its
receipt thereof. Therefore, we conclude as a matter of law that the June 28 letter provided
Formosa proper notice under section 111.008 of the Tax Code. See generally Great American
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47-48 (Tex. 1965). (4) Issue
one is overruled.


Limitations Period for Claim of Overpayment

 In its second issue presented, Formosa argues that under the applicable limitations
provisions of the Tax Code it has four years from the date of overpayment to seek a refund. 
Formosa contends that since its refund request was filed less than a year after it overpaid its 1989
taxes, it is entitled to a full refund of the 1989 payment.

 The limitations provisions of the Tax Code applicable to refund requests are
numerous and complex. See Overhead Door Corp. v. Sharp, 970 S.W.2d 74, 76-78 (Tex.
App.--Austin 1998, no pet.). As previously stated, section 111.104(c) requires the taxpayer to
file a refund request before the applicable limitation period provided by the Tax Code or before
the expiration of six months after a deficiency determination becomes final, whichever period
expires later. (5) Taxpayers are permitted to request a refund under section 111.107, which provides
in pertinent part:


Except as otherwise provided, a person may request a refund or a credit or the
comptroller may make a refund or issue a credit for the overpayment of a tax
imposed by this title at any time before the expiration of the period during which 
the comptroller may assess a deficiency for the tax and not thereafter.



Tex. Tax Code Ann. § 111.107 (West Supp. 1998).

 Formosa contends that the applicable limitation period is provided in section
111.108, which, at the time Formosa filed its 1994 refund request, read as follows:


(a) Within four years after the date that a refund is erroneously paid or an amount
of credit is erroneously allowed, the comptroller may recover the refund or credit
in a jeopardy or deficiency determination.


(b) This section does not extend or toll a period of limitation under this title for
filing a timely claim for a refund.



Tex. Tax Code Ann. § 111.108(a), (b) (West Supp. 1998). Relying on this Court's decision in
Borden, Inc. v. Sharp, 888 S.W.2d 614 (Tex. App.--Austin 1994, writ denied), Formosa argues
that because section 111.108 allows the Comptroller to recover an erroneous refund at any time
within the four years after it is made, Formosa, as a taxpayer, should be likewise accorded the
right to recover its erroneous overpayment within four years after making the overpayment. Thus,
Formosa asserts, because it overpaid its 1989 taxes on June 10, 1993, it had the right to file a
refund request until June 10, 1997. Accordingly, Formosa claims its March 14, 1994 refund
request was not barred by limitations. 

 Formosa's reliance on section 111.108 is misplaced. Formosa's argument is based
on section 111.108 as it existed at the time the Comptroller sent its June 28, 1993 notice to
Formosa. Before September 1, 1993, section 111.108 read:


The comptroller may recover an amount of refund erroneously paid or an amount
of credit erroneously allowed in a jeopardy or deficiency determination issued
within four years after the date or refund or credit.



Act of May 31, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 Tex. Gen. Laws 1492. The amending
legislation did not include a savings clause. See Act of May 28, 1993, 73rd Leg., R.S., ch. 587,
§ 9, 1993 Tex. Gen. Laws 2223. Because the amendment became effective before Formosa filed
its 1994 refund request, however, we assume the amended version is applicable to this case. See
Overhead Door, 970 S.W.2d at 77 n.6. The current version of section 111.108 establishes the
amount of time the Comptroller may seek to recover a refund or credit previously given. Id. at
77. "The legislature has expressly stated this provision is not to be used to determine the
limitations period for filing a refund claim." Id. (citing Tex. Tax. Code Ann. § 111.108(b)). 

 Formosa's reliance on Borden is also misplaced. In Borden we discussed a refund-assessment exception to the applicable limitations period that was repealed before Formosa filed
its refund request. See Act of May 31, 1982, 67th Leg., R.S., ch. 389, § 1, 1981 Tex. Gen. Laws
1492, amended by Act of Apr. 29, 1983, 68th Leg., R.S., ch. 94, § 4, 1983 Tex. Gen. Laws 458,
459-60 (Tex. Tax Code Ann. § 111.205(4), since repealed); Act of May 28, 1993, 73rd Leg.,
R.S., ch. 587, § 10, 1993 Tex. Gen. Laws 2223 (repealing section 111.205(4)). Even in the face
of the exception, however, we concluded that the applicable limitations period under section
111.201 applies to refund claims. Borden, 888 S.W.2d at 618-20; see also Overhead Door, 970
S.W.2d at 78 n.8.

 Section 111.201 of the Tax Code provides that "no tax imposed by this title may
be assessed after four years from the date that the tax becomes due and payable." Tex. Tax Code
Ann. § 111.201 (West Supp. 1998). (6) Applying the four-year limitations period provided in section
111.201 to the requirements of sections 111.104 and 111.107, we conclude that Formosa had until
March 15, 1993, to file a timely refund request on its 1989 tax payment. Both Formosa and the
Comptroller agreed to extend the Comptroller's tax-assessment period under section 111.201 to
December 31, 1993. Thus, Formosa was also granted an extension to file its refund request until
December 31, 1993. Formosa did not file its refund request on its 1989 tax payment until March
14, 1994.

 Further, having previously held that the June 28, 1993 letter met the notice
requirements under section 111.008 of the Tax Code, we note that under section 111.104 Formosa
was entitled to file its refund request before the expiration of six months after the June 28 notice
became final on July 28. See Tex. Tax Code Ann. § 111.104(c)(3). Under that provision,
therefore, Formosa had until January 28, 1994, to file its refund request for its 1989 tax payment. 
Formosa's March 14, 1994 refund request was untimely under section 111.104. Accordingly, we
overrule issue two.


CONCLUSION


 Having overruled Formosa's two issues presented, we affirm the judgment of the
trial court.


 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 22, 1998 

Publish
1. The Tax Code required Formosa to sue both the Comptroller and the Attorney General. See
Tex. Tax Code Ann. § 112.151(b) (West 1992). However, the interests of the Comptroller and
the Attorney General do not diverge in this case. Therefore, we will refer to both collectively as
"the Comptroller" for the purposes of this opinion.
2. The amended audit report showed that $624,044.70, plus interest, was assessed against
Formosa for the 1989 tax period.
3. Section 111.104 of the Tax Code provides in pertinent part:


 (c) A claim for refund must:

 (1) be written

 (2) state the grounds on which the claim is founded; and

 (3) be filed before the expiration of the applicable limitation period as provided
by this code or before the expiration of six months after a jeopardy or
deficiency determination becomes final, whichever period expires later.


Tex. Tax Code Ann. § 111.104(c) (West 1992).
4. We also note that the evidence before the trial court indicated that the Comptroller only sent 
the standard notice of deficiency determination to taxpayers who had not paid the tax amount due
at the time the auditor's letter was sent to the taxpayer. In the instant case, Formosa made
payment to the Comptroller prior to its receipt of the June 28 letter. Because Formosa owed no
money to the Comptroller, the Comptroller did not send Formosa a formal notice of deficiency
determination. Formosa contends that the Comptroller now sends standard notices to taxpayers
whose audit has resulted in a credit determination. However, the fact that the Comptroller has
now begun to send such notices to audited taxpayers who have overpaid has no bearing on our
decision regarding the sufficiency of the notice Formosa received in this case. 
5. See supra note 3.
6. When Formosa filed its refund request, section 111.201 contained an additional reference 
to refunds, which read:


(b) No refund of any tax imposed by this title may be made by the comptroller after
four years after the date that the tax was paid, except on tolling of the statute of
limitations for refunds as provided in this title.


Act of May 24, 1993, 73rd Leg., R.S., ch. 486, § 1.105, 1993 Tex. Gen. Laws 1900, 1902 (Tex.
Tax Code Ann. § 111.201, since amended). The legislature amended the provision in 1995 to
remove the reference to refunds. See Act of May 24, 1995, 74th Leg., R.S., ch. 1000, §§ 4,
74(a), 1995 Tex. Gen. Laws 5009 (§ 4 codified as Tex. Tax Code Ann. § 111.201; § 74(a) not
codified). Because the issue in this case concerns the timeliness of Formosa's refund request, 
subsection (b) does not apply. Accordingly, we will refer to the current version of section
111.201 for purposes of this opinion. 



omptroller's tax-assessment period under section 111.201 to
December 31, 1993. Thus, Formosa was also granted an extension to file its refund request until
December 31, 1993. Formosa did not file its refund request on its 1989 tax payment until March
14, 1994.

 Further, having previously held that the June 28, 1993 letter met the notice
requirements under section 111.008 of the Tax Code, we note that under section 111.104 Formosa
was entitled to file its refund request before the expiration of six months after the June 28 notice
became final on July 28. See Tex. Tax Code Ann. § 111.104(c)(3). Under that provision,
therefore, Formosa had until January 28, 1994, to file its refund request for its 1989 tax payment. 
Formosa's March 14, 1994 refund request was untimely under section 111.104. Accordingly, we
overrule issue two.


CONCLUSION


 Having overruled Formosa's two issues presented, we affirm the judgment of the
trial court.


 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 22, 1998 

Publish
1. The Tax Code required Formosa to sue both the Comptroller and the Attorney General. See
Tex. Tax Code Ann. § 112.151(b) (West 1992). However, the interests of the Comptroller and
the Attorney General do not diverge in this case. Therefore, we will refer to both collectively as
"the Comptroller" for the purposes of this opinion.
2. The amended audit report showed that $624,044.70, plus interest, was assessed against
Formosa for the 1989 tax period.
3. Section 111.104 of the Tax Code provides in pertinent part:


 (c) A claim for refund must:

 (1) be written

 (2) state the grounds on which the claim is founded; and

 (3) be filed before the expiration of the applicable limitation period as provided
by this code or before the expiration of six months after a jeopardy or
deficiency determination becomes final, whichever period expires later.


Tex. Tax Code Ann. § 111.104(c) (West 1992).
4. We also note that the evidence before the trial court indicated that the Comptroller only sent 
the standard notice of deficiency determination to taxpayers who had not paid the tax amount due
at the time the auditor's letter was sent to the taxpayer. In the instant case, Formosa made
payment to the Comptroller prior to its receipt of the June 28 letter. Because Formosa owed no
money to the Comptroller, the Comptroller did not send Formo