# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00506-CV

**Joe Haven Beadles, Appellant**

**v.**

**Carole Keeton Strayhorn, Comptroller of Public Accounts
for the State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN500155, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

Appellant Joe Haven Beadles appeals from the district court's grant of summary judgment in favor of appellee Carole Keeton Strayhorn, Comptroller of Public Accounts for the State of Texas. Because we agree that Beadles's suit challenging the Comptroller's redetermination of tax liability is barred by limitations, we affirm the district court's judgment.

## BACKGROUND

Beadles was the corporate president of Profits Research, Inc., a diesel fuel supply company. After an audit of Beadles's tax records for the period of June 1, 1991, through December 31, 1991, the Comptroller issued a notice of tax due on April 13, 1993, for delinquent motor fuels taxes in the amount of $1,223,477.89, including interest and penalties. Beadles timely sought

redetermination and, after hearing, the Comptroller issued a revised notice of tax due on April 20, 2000, in the amount of $1,709,078.44, including interest and penalties.

Although Beadles concedes that he received notice of the Comptroller's redetermination, he did not file suit challenging the redetermination until January 14, 2005. During the intervening period between the Comptroller's initial determination of Beadles's tax liability in 1993 and her re-determination in 2000, Beadles was tried in federal court on charges of conspiracy to commit fraud under 18 U.S.C. § 371.

The Comptroller moved for summary judgment on the ground that Beadles's suit—filed more than four years after the Comptroller's redetermination became final—was barred by limitations. In response, Beadles argued that the limitations period should be tolled during the pendency of his federal criminal proceedings. The trial court disagreed and granted summary judgment in favor of the Comptroller. From this judgment, Beadles appeals.

## DISCUSSION

In a single issue, Beadles complains that the limitations period for challenging the Comptroller's redetermination should have been tolled during the pendency of his criminal proceedings in federal court. We disagree.

The Texas Tax Code establishes limitations periods for a variety of different circumstances. *See, e.g.*, Tex. Tax Code Ann. §§ 111.104-.207 (West 2001 & Supp. 2005). For example, section 111.201 provides a four-year limitations period for Comptroller assessments, *id.* § 111.201 (West 2001), and section 111.107 provides a four-year limitations period for requesting a refund. *Id.* § 111.107 (West Supp. 2005) (specifying that taxpayer must request refund within

2

same period allowed for assessment); *see also Borden, Inc. v. Sharp*, 888 S.W.2d 614, 616 (Tex. App.—Austin 1994, pet. denied). The tax code does not, however, provide an express limitations period for challenging the Comptroller's redetermination of tax liability.

Because Beadles does not seek a refund but, instead, challenges the Comptroller's redetermination of tax liability, the applicable limitations period is found in section 16.051 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997); *AT&T Corp. v. Rylander*, 2 S.W.2d 546, 553-54 (Tex. App.—Austin 1999, pet. denied) (applying residual limitations period in Tex. Civ. Prac. & Rem Code § 16.051). Section 16.051 provides:

> Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

Tex. Civ. Prac. & Rem. Code Ann. § 16.051.

The Comptroller issued her redetermination of Beadles's tax liability on April 20, 2000, and Beadles concedes that he received notice of this decision. The Comptroller's redetermination became final 20 days later on May 10, 2000. *See* Tex. Tax Code Ann. § 111.009(d) (West 2001). The applicable four-year limitations period under section 16.051 of the Texas Civil Practiced and Remedies Code expired on May 10, 2004. *See* Tex. Civ. Prac. & Rem. Ann. § 16.051.

Beadles did not file suit challenging the Comptroller's redetermination until January 14, 2005. Because Beadles's suit was filed more than four years after the Comptroller's redetermination became final, we agree that Beadles's claims are barred by limitations. Moreover,

3

once the trial court correctly determined that Beadles's suit was barred by limitations, there were no material facts in dispute, and summary judgment was proper. *See Borden*, 888 S.W.2d at 620.

Beadles has provided no authority, and this court has found none, to support his claim that the limitations period should have been tolled during the pendency of his criminal proceedings in federal court. Although section 111.207(a)(2) of the Texas Tax Code tolls the limitations period during the pendency of judicial proceedings to determine the amount of tax due, that provision does not apply in this instance. *See* Tex. Tax Code Ann. § 111.207(a)(2) (West Supp. 2005). The Comptroller had already determined the amount of Beadles's tax liability in the redetermination issued on April 20, 2000; therefore, Beadles's federal criminal proceedings were not "judicial proceedings to determine the amount of tax due" within the meaning of section 111.207. *See id.* We overrule Beadles's issue on appeal.

## CONCLUSION

Because Beadles did not file suit to challenge the Comptroller's redetermination within the applicable limitations period, his claims are time-barred. We affirm the district court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   June 16, 2006

4