Meno v. Kitchens 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-420-CV






LIONEL R. MENO, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF


EDUCATION, AND TULOSO-MIDWAY INDEPENDENT SCHOOL DISTRICT,




 APPELLANTS


vs.




JIMMIE KITCHENS,




 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-14220, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 Appellee Jimmie Kitchens, a school teacher, filed suit in district court against the
State Commissioner of Education ("the Commissioner") and Tuloso-Midway Independent School
District ("Tuloso-Midway"), appellants, for judicial review of the Commissioner's denial of her
appeal of Tuloso-Midway's decision not to renew her teaching contract. See Term Contract
Nonrenewal Act ("TCNA"), Tex. Educ. Code Ann. §§ 21.201-.211 (West 1987 & Supp. 1994). 
The Commissioner had determined that section 21.209(a) of the TCNA permitted Tuloso-Midway
to subject Kitchens to a period of probation on her reemployment with Tuloso-Midway after a
four-year absence. Holding that section 21.209(a) did not permit the district to impose such a
probationary period, the trial court remanded the cause to the Commissioner for proceedings
consistent with the court's judgment. The Commissioner and Tuloso-Midway appeal. We will
affirm the trial court's judgment.

 Kitchens was employed as a teacher in Tuloso-Midway from the 1969-70 school
year through the 1984-85 school year. She then left her job to live in Montana for approximately
four years, returned to Texas in 1989, and was rehired by Tuloso-Midway for the 1989-90 school
year. Kitchens's contract for the 1989-90 year indicated that she was a probationary employee. 
In May 1990 Jim Cooper, assistant superintendent for Tuloso-Midway, informed Kitchens by
letter that her teaching contract would not be renewed. The letter did not furnish any reasons for
Kitchens's nonrenewal, nor was she given a hearing. Kitchens appealed her nonrenewal to the
Commissioner. See TCNA § 21.207(a).

 The TCNA establishes certain statutory procedures governing the employment of
Texas public school teachers. One of the requirements of the TCNA is that a school district notify
a teacher by a certain date of a proposed nonrenewal of the teacher's employment contract. See
TCNA § 21.204(a). (1) If the district fails to notify the teacher by that date, it is required to renew
that teacher's contract for the following year. See TCNA § 21.204(b). These protections,
however, do not always apply the moment a teacher is hired. Section 21.209(a) allows school
districts to subject newly hired teachers to one- and two-year probationary periods:


The board of trustees of any school district may provide by written policy for a
probationary period not to exceed the first two years of continuous employment in
the district, except that the probationary period shall not exceed one year for a
person who has been employed as a teacher in public education for at least five of
the eight years prior to initial employment in the district. The provisions of this
subchapter shall not apply during such probationary period.



TCNA § 21.209(a) (emphasis added). Thus, section 21.209(a) permits a district to subject new
teachers to a two-year probationary period, but allows only a one-year probationary period for
experienced teachers who have taught in public schools at least five of the eight years before their
new employment. As the last sentence of this provision makes clear, the statutory protections of
the TCNA do not apply during these probationary periods.

 In her appeal to the Commissioner, Kitchens argued that she could not be subject
to probation upon her return to Tuloso-Midway because she had already served "two years of
continuous employment in the district." The Commissioner disagreed and held that the phrase
"not to exceed the first two years of continuous employment in the district" allows a school
district to institute a two-year probationary period for each separate period of employment. 
Apparently concluding that the phrase was ambiguous, the Commissioner examined the legislative
intent and policy that motivated the adoption of the TCNA and section 21.209(a). The
Commissioner reasoned that because section 21.209(a) allows districts to impose a one-year
probationary period on experienced teachers who move from other districts, it is reasonable that
a district should be able to impose a probationary period on an experienced teacher who has had
a gap in his or her teaching career, notwithstanding at least two years of prior continuous
experience in the same district. The Commissioner also concluded that allowing such a
probationary period was a reasonable policy because it would allow the district to re-evaluate the
rehired teacher: "[E]ven though a teacher may establish a record of performance with the district
through prior employment, the teaching environment changes quickly, new methods are
introduced constantly, and the district may . . . not be aware of the teacher's attitudes and
performance under current changed circumstances." The Commissioner thus ruled that section
21.209(a) allows a school district to impose probation on a teacher it had previously employed for
two or more years "as long as there has been a break in service."

 Kitchens filed suit in district court to obtain review of the Commissioner's ruling. 
After considering the record, the district court held that the Commissioner incorrectly interpreted
section 21.209(a) and ordered that the case be remanded to the Commissioner pursuant to section
19(e)(1) of the former Administrative Procedure and Texas Register Act. (2)

 The Commissioner and Tuloso-Midway urge us to reverse the district court's
decision. They correctly argue that Texas courts normally give weight to an agency's
interpretation of a statute as long as that interpretation is reasonable. See, e.g., Tarrant Appraisal
Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993). This Court has followed this rule of
deference. See, e.g., State v. Office of Pub. Util. Counsel, 849 S.W.2d 864, 868-69 (Tex.
App.Austin), judgment vacated sub nom. Office of Pub. Util. Counsel v. Public Util. Comm'n,
866 S.W.2d 209 (Tex. 1993); Southwestern Bell Tel. Co. v. Public Util. Comm'n, 745 S.W.2d
918, 923 (Tex. App.Austin 1988, writ denied). Such deference to an agency's interpretation is
permissible, however, only if the meaning of the section or statute in question is not clear. As
the supreme court stated in Moore: "Construction of a statute by the administrative agency
charged with its enforcement is entitled to serious consideration, so long as the construction is
reasonable and does not contradict the plain language of the statute. Stanford v. Butler, 181
S.W.2d 269, 273 (Tex. 1944)." Moore, 845 S.W.2d at 823 (emphasis added).

 Thus, before giving weight to the Commissioner's interpretation of the phrase
before us, we must conclude that the phrase is ambiguous. We do not find it so. Rather, we
believe that the meaning of the statutory provision is clear. The language of section 21.209(a)
plainly allows a district to impose a two-year period of probation in only one circumstance: 
during a teacher's first two years of continuous employment in the district. No exception is made
when a teacher has a break in service, as long as the teacher has completed two years of
continuous employment. The Commissioner's interpretation thus departs from the plain meaning
of this phrase by effectively allowing a probationary period during "the first two years of
continuous employment for each period of employment" in a district. This interpretation is not
consistent with the plain meaning of the phrase as the legislature enacted it. As a result, we
decline to defer to the Commissioner's interpretation.

 In addition to arguing that we must defer to the Commissioner's interpretation,
appellants urge that the district court's interpretation is inconsistent with the policies of the TCNA
and section 21.209(a). They note that section 21.209(a) allows school districts to impose a one-year probationary period on experienced teachers who move from one district to another. From
this they argue that refusing to permit districts to impose a probationary period on experienced
teachers who are reemployed in the same district after a break in service establishes an
inconsistent policy. From a policy perspective, this argument is not without merit. For purposes
of the present case, however, we must evaluate it in light of well-settled rules of statutory
construction. First and foremost, we are required to follow the plain meaning of a statute. See
Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983); Minton v. Frank, 545 S.W.2d
442, 445 (Tex. 1976). The plain-meaning rule is subject only to narrow exceptions. For
example, we should not "attribute to the Legislature an intention to work an injustice." State v.
Mauritz-Wells Co., 175 S.W.2d 238, 242 (Tex. 1943); see also State Highway Dep't v. Gorham,
162 S.W.2d 934, 936 (Tex. 1942); Alvarado v. Gonzales, 552 S.W.2d 539, 542 (Tex. Civ.
App.Corpus Christi 1977, no writ). Nor should we construe a statute in a way that leads to
foolish or absurd consequences. Estate of Padilla v. Charter Oaks Fire Ins. Co., 843 S.W.2d
196, 199 (Tex. App.Dallas 1992, writ denied); Alvarado, 552 S.W.2d at 542. In examining the
applicability of these exceptions to our interpretation of section 21.209(a), we conclude that the
consequences of our interpretation do not rise to the level of an unjust or absurd result. The mere
fact that a policy seems unwise or inconsistent with other policies does not justify a departure
from the plain meaning of the legislative mandate. See, e.g., Railroad Comm'n v. Miller, 434
S.W.2d 670, 672 (Tex. 1968).

 Similarly, it is not the court's role to examine microscopically the legislature's
intent when interpreting a clear statutory command. "Where the intent is apparent from the words
of the statute, it is not necessary . . . to make any analysis of the extrinsic evidence of legislative
intent." Minton, 545 S.W.2d at 445; see also Cail, 660 S.W.2d at 815. Performing a detailed
examination of the legislature's intent when interpreting provisions such as this would "give point
to the quip that only when legislative history is doubtful do you go to the statute." Felix
Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 543 (1947).

 Based on the above analysis, we hold that the plain meaning of section 21.209(a)
does not allow a school district to impose a probationary period on a teacher who, after having 

completed two years of continuous service with the district, has a break in service and later
returns to employment with the same district. Accordingly, we affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: April 6, 1994

Publish
1. Section 21.204(a) requires that a district notify a teacher of the proposed nonrenewal of
her contract no later than the sixtieth day prior to the last day of instruction required by the
contract. See TCNA § 21.204(a). Before 1993, section 21.204(a) required a district to notify
a teacher of proposed nonrenewal by April 1. See Act of May 26, 1981, 67th Leg., R.S., ch.
765, § 2, 1981 Tex. Gen. Laws 2847, 2847-48 (TCNA § 21.204(a), since amended).
2. Act of April 8, 1975, 64th Leg., R.S., ch. 61, § 19, 1975 Tex. Gen. Laws 136, 147
(Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 19(e), since repealed and codified in the
Administrative Procedure Act, Tex. Gov't Code Ann. §§ 2001.172-.175 (West 1994)).