Office of the Attorney General · State of Texas



June 22, 2000

The Honorable J.E. "Buster" Brown
Chair, Natural Resource Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0234

Re: Whether an excavator, who has given proper notice of a planned excavation under section 251.151 of the Utilities Code, must give a new notice to a notification center when excavation does not start within fourteen days of the date the excavator provides the notice (RQ-0173-JC)

Dear Senator Brown:

Section 251.151 of the Utilities Code generally requires a person who intends to excavate, and thereby possibly damage underground facilities such as cables or pipelines, to "notify a notification center [of the planned excavation] not earlier than the [fourteenth] day before the date the excavation is to begin or later than" forty-eight hours "before the time the excavation is to begin." TEX. UTIL. CODE ANN. § 251.151(a) (Vernon Supp. 2000). The statute does not expressly state that an excavator who has properly notified the notification center must notify the center again if he or she does not start excavating within fourteen days of the notice, and so you ask whether an excavator must provide a new notice in these circumstances. *See* Letter from Honorable J.E. "Buster" Brown, Chair, Natural Resource Committee, Texas State Senate, to Honorable John Cornyn, Office of the Attorney General of Texas (Jan. 14, 2000) [hereinafter "Request Letter"]. We believe the statute requires new notice.

The Underground Facility Damage Prevention and Safety Act (the "Act"), chapter 251 of the Utilities Code, is designed to provide statewide notification of planned excavations that will remove or disturb soil to a depth of at least sixteen inches. *See* TEX. UTIL. CODE ANN. §§ 251.001, .002(5), .051 (Vernon Supp. 2000). For purposes of the Act, an "underground facility" is "a line, cable, pipeline system, conduit, or structure that is located partially or totally underground and that is used to produce, store, convey, transmit, or distribute telecommunications, electricity, gas, water, sewage, steam, or liquids such as petroleum, petroleum products, or hazardous liquids." *Id.* § 251.002(13). The Act divides underground facilities into two classes, Class A and Class B. *See id.* § 251.002(1), (2). A Class A underground facility is one that is used to produce, store, convey, transmit, or distribute electricity, gas, petroleum or petroleum products, steam, telecommunications service, or "any other liquid, material, or product not defined as a Class B underground facility." *See id.* § 251.002(1). A Class B underground facility is one that is used to produce, store, convey, transmit, or distribute water, slurry, or sewage. *See id.* § 251.002(2).

The Texas Underground Facility Notification Corporation, a public nonprofit corporation created by the Act, *see id.* § 251.052, maintains a registration of Class A underground-facility operators and has established "a statewide toll-free telephone number" for excavators' use "that routes calls to . . . notification centers on a pro rata basis." *Id.* § 251.060(1), (3). A Class A underground-facility operator must participate in a notification center and must provide the notification center with information regarding the underground facility's location, as well as the name and telephone number of a contact person. *See id.* § 251.107(a), (b).

Section 251.151(a) of the Utilities Code, which is specifically at issue here, requires an excavator to notify a notification center that the excavator plans to excavate at a particular site:

> Except as provided by Sections 251.155 and 251.156 [regarding emergencies and various other exceptions, *see id.* §§ 251.155, .156], a person who intends to excavate shall notify a notification center not earlier than the 14th day before the date the excavation is to begin or later than the 48th hour before the time the excavation is to begin, excluding Saturdays, Sundays, and legal holidays.

*Id.* § 251.151(a) (Vernon Supp. 2000). The notice must describe the planned excavation's location and must state "the starting date and time and the anticipated completion date of excavation." *Id.* § 251.152(2), (5). An excavator is considered to have provided the requisite notice when the excavator "delivers the required information and a notification center receives that information within the time limits prescribed by" section 251.151. *Id.* § 251.154(a).

A notification center receives, at any time of the day or night, notice of an excavator's intent to excavate. *See id.* § 251.101(2)(A), .102. The center in turn disseminates the information to underground-facility operators who may be affected and other registered and affected notification centers operating in this state. *See id.* §§ 251.101(2)(B), .102. Upon receiving notice of a planned excavation from a notification center, a Class A underground-facility operator must "mark the approximate location of its underground facilities . . . if the operator believes that marking the location is necessary. The operator shall mark the location" in general within forty-eight hours of the excavator's notice to the notification center of intent to excavate. *See id.* § 251.157(a). An underground-facilities operator also may choose to have a representative present during the excavation if the operator contacts the excavator to advise him accordingly. *See id.* § 251.151(c).

An excavator who complies with statutory notification requirements "may not be liable for damage to an underground facility that was not marked in accordance with" chapter 251. *Id.* § 251.157(c). An excavator who fails to comply with the notification requirements may be liable not only for damages, *see id.* § 251.008 (stating that chapter 251 does not affect civil remedy for property damage), but also for a "civil penalty" of between fifty and one hundred dollars for a first-time violation. *See id.* § 251.201(a). Subsequent violations are subject to higher fines. *See id.* § 251.201(b), (c) (assessing civil penalty for second, third, or subsequent violation).

You indicate that underground-facility operators and excavators interpret section 251.151 differently with respect to whether an excavator who has provided proper notice under section 251.151(a) must provide additional notice if the excavation does not commence within fourteen days of the notice:

> The underground facility owners have interpreted Section 251.151 . . . to require excavators to provide a new notice or a statement that excavations are continuing every ten days. . . . The excavators assert that the notification centers require subsequent notices every ten days even though the location of the excavation has not changed from the location stated in the initial notice. The excavators argue that the subsequent notice requirement has increased the number of calls to the notification centers to such a level that the notification centers are not able to adequately meet the demand. The end result, the excavators claim, is that many requests have not been responded to in a timely manner or go unanswered.
>
> The underground facility owners contend that the subsequent notice requirement is necessary to ensure that underground facility lines remain marked at all times. The underground facility owners claim that lines clearly marked after the initial notice by excavators disappear or are erased due to the changing conditions, both natural and man-made, at the excavation location.

Request Letter, *supra*, at 1-2 (citation omitted).

In our opinion, the plain language of section 251.151 requires a person to provide a new notice to the notification center if the excavation's start date is delayed beyond fourteen days of the original notice. A court, as it interprets a statute, generally follows the plain meaning of an unambiguous statute. *See Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993); *Martinez v. Lakshmikanth*, 1 S.W.3d 144, 146-47 (Tex. App.–Corpus Christi 1999, pet. filed). "If the meaning of the statutory text . . . should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning." *Houston Chronicle Publ'g Co. v. Woods*, 949 S.W.2d 492, 497 (Tex. App.–Beaumont 1997, no pet.).

Consequently, where notification is provided earlier than fourteen days of the excavation's actual start date, the notification does not comply with section 251.151. Section 251.151 requires a person who intends to excavate to notify a notification center "*not earlier than*" the fourteenth day before the excavation is to begin. If an excavator notifies the notification center fourteen days before he or she intends to begin excavation, but the start date is delayed beyond fourteen days, then the notification was *earlier than* fourteen days.

While the plain-meaning canon of construction is subject to exceptions in certain circumstances, no exception is warranted here. "The plain-meaning rule is subject only to narrow exceptions. For example, we should not 'attribute to the Legislature an intention to work an injustice.' Nor should we construe a statute in a way that leads to foolish or absurd consequences." *Meno v. Kitchens,* 873 S.W.2d. 789, 792 (Tex. App.–Austin 1994 writ denied) (citations omitted); *see also Houston Chronicle Publ'g Co.,* 949 S.W.2d at 497. It is not absurd to require an excavator to provide new notice to the notification center, and thereby to activate notification of the underground-facility operators, that the excavation will commence at a date later than fourteen days of the original notice. Nor does a requirement to provide new notice work an injustice.

Moreover, this construction comports with the remedial nature of the Underground Facility Damage Prevention and Safety Act, chapter 251 of the Utilities Code. *See* TEX. UTIL. CODE ANN. 251.001 (Vernon Supp. 2000). The Act is a legislative attempt to remedy the problem of damage to underground facilities caused by excavators and the consequent loss of services to customers:

> [E]xcavation work is responsible for 45% of pipeline failures, making third[-]party damage or outside force damages the leading cause of all ruptures. Furthermore, more than 250,000 Texans each year lose total phone service or access to long distance service due to underground facilities that are cut by excavators who fail to call for information. A half-inch fiber optic cable cut can disrupt service to thousands of citizens and cut off whole communities from vital 911 service. Nearly 200,000 Texans lose access to 911 service each year due to cable cuts.

HOUSE COMM. ON PUBLIC SAFETY, BILL ANALYSIS, Tex. Comm. Substitute H.B. 2295, 75th Leg., R.S. (1997). This remedial purpose is not furthered by a construction of the statute under which an underground-facility operator would be apprised only of the *scheduled* start date of excavation but not the *actual* start date. Conversely, requiring new notice if the excavation does not commence within fourteen days of the original notice ensures that underground-facility operators will be aware of the actual date of excavation and will have the opportunity to re-mark the locations of their underground facilities, thereby increasing the chances that the excavator will not damage the underground facility.

## S U M M A R Y

An excavator that properly notifies a notification center of a planned excavation under section 251.151 of the Utilities Code no more than fourteen days nor no less than forty-eight hours before the excavation is expected to commence must notify the notification center again if the commencement is delayed beyond fourteen days of the original notice. *See* TEX. UTIL. CODE ANN. § 251.151(a) (Vernon Supp. 2000).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee