ACCEPTED
03-14-00198-CV
4437853
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 12:18:32 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00198-CV**

In the Third Court of Appeals
Austin, Texas

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 12:18:32 PM
JEFFREY D. KYLE
Clerk

CITY OF NEW BRAUNFELS, TEXAS - Appellant

v.

STOP THE ORDINANCES PLEASE, W.W. GAF, INC., D/B/A ROCKIN "R"
RIVER RIDES, TEXAS TUBES, TOURIST ASSOCIATED BUSINESSES OF
COMAL COUNTY; UNION RIVER LLC D/B/A LANDA RIVER TRIPS;
CHUCK'S TUBES; WATERPARK MANAGEMENT, INC.; TRI-CITY
DISTRIBUTORS, LP AND STONE RANDALL WILLIAMS - Appellees

Appeal from the 207th Judicial District Court, Comal County, Texas
Cause No. C2007-387B

**BRIEF OF *AMICI CURIAE* CITY OF AUSTIN, THE TEXAS MUNICIPAL
LEAGUE, AND THE TEXAS CITY ATTORNEYS ASSOCIATION
IN SUPPORT OF APPELLANT, CITY OF NEW BRAUNFELS, TEXAS**

KAREN M. KENNARD, City Attorney
MEGHAN L. RILEY, Chief, Litigation Division
MEITRA FARHADI, Assistant City Attorney
State Bar No. 24036547
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2310
Facsimile: (512) 974-1311
meitra.farhadi@austintexas.gov

COUNSEL FOR *AMICI CURIAE* CITY OF AUSTIN, TEXAS MUNICIPAL
LEAGUE, AND TEXAS CITY ATTORNEYS ASSOCIATION

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ ii

INDEX OF AUTHORITIES ........................................................................... iii, iv

IDENTITY AND INTEREST OF AMICI CURIAE ............................................ 1

SUPPLEMENTAL LIST OF PARTIES AND COUNSEL ................................... 2

ISSUES PRESENTED ........................................................................................ 2

SUMMARY OF ARGUMENT ........................................................................... 2

ARGUMENT ...................................................................................................... 3

     I.     Municipal Ordinances are Presumed Valid ........................................... 3

     II.    The Solid Waste Disposal Act Does Not Preempt Municipal Ordinances Regulating Disposable Containers. .................................... 6

          A.     Municipal Ordinances Regulating Disposable Containers are a Valid Exercise of Police Power. ............................................... 6

          B.     Municipal Ordinances Regulating Disposable Containers are Consistent with State Law. ....................................................... 7

          C.     Section 361.0961 of the Solid Waste Disposal Act Lacks the Unmistakable Clarity Required to Preempt a Municipal Ordinance. .................................................................................. 8

PRAYER ........................................................................................................... 10

CERTIFICATE OF SERVICE .................................................................... 11, 12

CERTIFICATE OF COMPLIANCE ................................................................. 13

# INDEX OF AUTHORITIES

**Cases**

*Bridgestone/Firestone, Inc. v. Glyn Jones,*
878 S.W.2d 132 (Tex. 1994)................................................................................4

*City of Brookside Village v. Comeau,*
633 S.W.2d 790 (Tex. 1982)................................................................................3

*City of College Station v. Turtle Rock Corp.,*
680 S.W.2d 802 (Tex. 1984)................................................................................7

*City of Richardson v. Responsible Dog Owners of Texas,*
794 S.W.2d 17 (Tex. 1990)..............................................................................6, 8

*Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas,*
852 S.W.2d 489 (Tex. 1993)................................................................. 3, 5, 8, 9

*Gonzalez v. Gainan's Chevrolet City, Inc.,*
690 S.W.2d 885 (Tex. 1985)................................................................................7

*Johnson v. City of Fort Worth,*
774 S.W.2d 653 (Tex. 1989)................................................................................4

*Jones v. Fowler,*
969 S.W.2d 429 (Tex. 1998)................................................................................4

*Lombardo v. City of Dallas,*
73 S.W.2d 475 (Tex. 1934)..............................................................................6, 7

*Lower Colorado River Auth. v. City of San Marcos,*
523 S.W.2d 641 (Tex. 1975)................................................................................5

*Meno v. Kitchens,*
873 S.W.2d 789 (Tex. App. – Austin 1994, writ denied)....................................4

*Penn Central Transp. Co. v. New York City,*
438 U.S. 104 (1978)..............................................................................................6

*Pennsylvania Coal Co. v. Mahon,*
  260 U.S. 393 (1922)..................................................................................6

*RCI Entm't, Inc. v. City of San Antonio,*
  373 S.W.3d 589 (Tex. App. – San Antonio 2012, no pet.) ...............................3, 8

*In re Sanchez,*
  81 S.W.3d 794 (Tex. 2002) (orig. proceeding) (per curiam)..........................3, 9

*Sorokolit v. Rhodes,*
  889 S.W.2d 239 (Tex. 1994)......................................................................4

*State v. Chacon,*
  273 S.W.3d 375 (Tex. App. – San Antonio 2008, no pet.) .................................3

*Thompson v. City of Palestine,*
  510 S.W.2d 579 (Tex. 1974)......................................................................3

*Waxahachie v. Watkins,*
  275 S.W.2d 477 (Tex. 1955).......................................................................3

**Statutes**

TEX. CONST. art. XI, § 5 ..............................................................................3

TEX. HEALTH & SAFETY CODE § 361.022(a) .......................................................7, 8

TEX. HEALTH & SAFETY CODE § 361.022(b) ...........................................................8

TEX. HEALTH & SAFETY CODE § 361.0961 ................................... ii, 2, 4, 5, 6, 7, 8, 9

TEX. LOC. GOV'T CODE § 54.004..................................................................6

TEX. LOC. GOV'T CODE §551.002....................................................................7

## IDENTITY AND INTEREST OF *AMICI CURIAE*

The City of Austin ("Austin"), a home-rule municipality in the State of Texas like the Appellant, has a substantial interest in the outcome of this case. Austin believes that the issues before this Court are of great significance to all Texas cities which have authority to enact and enforce ordinances pursuant to their police power. The specific issues presented in this case are of critical interest to the City of Austin because Austin enacted an ordinance regulating the distribution of single-use carryout bags in 2012, and to other municipalities throughout the state because it directly effects their ability to enact ordinances regulating containers. The Texas Municipal League (TML) is a non-profit association of over 1,100 incorporated cities. TML provides legislative, legal, and educational services to its members. The Texas City Attorneys Association (TCAA), an affiliate of TML, is an organization of over 400 attorneys who represent Texas cities and city officials in the performance of their duties. TML and TCAA, along with the City of Austin (collectively "*Amici*"), have a strong interest in opposing the erosion of municipal authority.

The author of this brief is a salaried assistant city attorney for the City of Austin. Other than normal salary, no fee has been paid or will be paid for the preparation of this brief.

| AMICI CURIAE: | COUNSEL: |
|---|---|
| City of Austin | Meitra Farhadi |
| | Assistant City Attorney |
| Texas Municipal League | State Bar No. 24036547 |
| | City of Austin-Law Department |
| Texas City Attorneys Association | Post Office Box 1546 |
| | Austin, Texas 78767-1546 |
| | Telephone:  (512) 974-2310 |
| | Facsimile:    (512) 974-1311 |
| | meitra.farhadi@austintexas.gov |

## ISSUES PRESENTED

*Amici* strongly support the legal arguments and explanation of public policy presented by Appellant City of New Braunfels.

*Amici* raise the following points:

1.  The Solid Waste Disposal Act Does Not Preempt Municipalities from Regulating the Distribution or Use of Certain Containers.

## SUMMARY OF ARGUMENT

*Amici* respectfully submit this amicus curiae brief pursuant to Texas Rule of Appellate Procedure 11 in support of Appellant, City of New Braunfels, Texas ("New Braunfels"), and urges this Court to reverse the trial court's order denying New Braunfels' summary judgment, granting Appellees' motion for summary judgment, and issuance of an injunction preventing New Braunfels from enforcing two valid ordinances (the "Ordinances").

# ARGUMENT

## I.  Municipal Ordinances are Presumed Valid.

When reviewing the validity of a municipal ordinance, we begin with the presumption that the ordinance is valid.  *City of Brookside Village v. Comeau,* 633 S.W.2d 790, 792 (Tex. 1982); *RCI Entm't, Inc. v. City of San Antonio,* 373 S.W.3d 589, 595 (Tex. App. – San Antonio 2012, no pet.).  Home-rule cities, such as New Braunfels, have full power of self-government and authority to do anything the Legislature could have authorized them to do.  TEX. CONST. art. XI, § 5. Therefore, courts now determine whether the Legislature has limited the power of a home-rule city, not whether it has made specific grants of authority.  *In re Sanchez,* 81 S.W.3d 794, 796 (Tex. 2002) (orig. proceeding) (per curiam); *see also Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas,* 852 S.W.2d 489, 490–91 (Tex. 1993); *State v. Chacon,* 273 S.W.3d 375, 378 (Tex. App. – San Antonio 2008, no pet.); *RCI Entm't, Inc. v. City of San Antonio*, 373 S.W.3d 589, 595 (Tex. App. – San Antonio 2012, no pet.).  The party challenging the ordinance bears the "extraordinary burden" of establishing that the municipality abused its discretion in enacting the ordinance.  *Comeau,* 633 S.W.2d at 792–93 (citing *Thompson,* 510 S.W.2d 579 (Tex. 1974); *Waxahachie v. Watkins,* 275 S.W.2d 477 (Tex. 1955)).

3

This dispute – which centers on the question of whether the City of New Braunfels Ordinances violate the Solid Waste Disposal Act (Chapter 361 of the Texas Health & Safety Code) – is one of statutory construction. Matters of statutory construction are questions of law for the court to decide, and the rules of statutory construction are well settled. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). First and foremost, courts must follow the plain meaning of the statute. *Meno v. Kitchens*, 873 S.W.2d 789, 792 (Tex. App. – Austin 1994, writ denied). If the language of the statute is unambiguous, then courts must infer the legislative intent from the plain meaning of the terms and words used in the statute. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994). In examining the plain and ordinary meaning of the words and terms used in the statute, courts may not enlarge the meaning of any word or term beyond its common or ordinary meaning. *Id.* at 241. However, language should be reviewed in context, not in isolation. *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998); see also *Bridgestone/Firestone, Inc. v. Glyn Jones*, 878 S.W.2d 132, 133 (Tex. 1994) ("Only in the context of the remainder of the statute can the true meaning of a single provision be made clear."). Thus, when attempting to ascertain legislative intent, a court may consider the objective of the law, its history, and the consequences of a particular construction. *Sorokolit*, 889 S.W.2d at 432.

At least one additional rule of statutory construction applies in this case. Courts construing state statutes that are allegedly in conflict with municipal ordinances passed by home-rule cities should attempt to reconcile the state statute and the ordinance if any fair and reasonable construction of the apparently conflicting enactments exists. *Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993). Thus, unless there is a clear conflict between the statute and the municipal ordinance in question, the court interpreting the two laws should endeavor to leave them both intact.

In this case, Appellees contend that the Ordinances conflict with section 361.0961 of the Solid Waste Disposal Act. There are no cases that directly interpret the language of section 361.0961. Thus, the meaning of the statute must be determined based on its plain language, context, and the other applicable rules of statutory construction. Going back to first principle, the Texas Constitution grants home rule municipalities the "full power of self-government, that is full authority to do anything the legislature could therefore have authorized them to do." *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975). Therefore courts must look to the acts of the legislature "not for grants of power to such cities but only for limitations on their powers." *Id*. Consequently, unless the Ordinances directly conflict with the Solid Waste Disposal Act, the Ordinances should remain intact.

**II.    The Solid Waste Disposal Act Does Not Preempt Municipal Ordinances Regulating Disposable Containers.**

"[T]he mere fact that the legislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted." *City of Richardson v. Responsible Dog Owners of Texas,* 794 S.W.2d 17, 19 (Tex. 1990).

**A.    Municipal Ordinances Regulating Disposable Containers are a Valid Exercise of Police Power.**

A city may enact reasonable regulations to promote the health, safety and general welfare of its citizens as a valid exercise of its police power. *See* TEX. LOC. GOV'T CODE § 54.004. Courts generally uphold governmental action that promotes health, safety, morals or general welfare even if such action were to destroy or adversely affect recognized real property interests. See *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 124 (1978) (As a general rule, the government is not required to pay for the incidental effects of its laws and regulations); *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 413 (1922) ("Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law."); *Lombardo v. City of Dallas*, 73 S.W.2d 475, 478 (Tex. 1934) ("All property is held subject to the valid exercise of the police power; nor are regulations unconstitutional merely because they operate as a restraint upon private rights of person or property or will result in loss to individuals."). This presumption favors

6

the reasonableness and validity of a city ordinance, and an "extraordinary burden" rests on one attacking a city ordinance. *City of College Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 804 (Tex. 1984).

Police powers extend so far as is reasonably necessary to achieve the objectives of the regulation. *Lombardo*, 73 S.W.2d at 479. Regulating disposable containers on certain waterways within New Braunfels is a proper exercise of police powers because it is substantially related to New Braunfels' goal to protect the health, safety and welfare of the citizens of New Braunfels, and to minimize interference with the public's enjoyment of parks, waterways and public spaces, and to preserve the pristine nature of the waterways. *See* TEX. LOC. GOV'T CODE §551.002; CR:541-543, 551-554.

## B. Municipal Ordinances Regulating Disposable Containers are Consistent with State Law.

Courts are tasked with construing laws "in a manner that comports with legislative intent and furthers the purposes of the statute." *Gonzalez v. Gainan's Chevrolet City, Inc.*, 690 S.W.2d 885, 887 (Tex. 1985) (internal quotations omitted). Since its adoption, the Solid Waste Disposal Act ("Act") has reflected legislative intent to reduce municipal waste as its top priority. The Act provides that ". . . it is the state's goal, through source reduction, to eliminate the generation of municipal solid waste . . . to the maximum extent . . . feasible." TEX. HEALTH

7

& SAFETY CODE § 361.022(a). To accomplish the state's goal, the Act prioritizes the methods of eliminating municipal solid waste in the following order:

> For municipal solid waste . . . the following methods are preferred, in the order listed:
> (1)  source reduction and waste minimization;
> (2)  reuse or recycling of waste;
> (3)  treatment to destroy or reprocess waste to recover energy . . . ; or
> (4)  land disposal.

TEX. HEALTH & SAFETY CODE § 361.022(b). Municipal ordinances that regulate the distribution or use of disposable containers, therefore, clearly do not conflict with the legislature's stated objectives in the regulation of solid waste. To the contrary, such ordinances serve the state's first priority – source reduction.

**C.    Section 361.0961 of the Solid Waste Disposal Act Lacks the Unmistakable Clarity Required to Preempt a Municipal Ordinance.**

When there is no conflict between a state law and a city ordinance, the ordinance is not void. *Responsible Dog Owners,* 794 S.W.2d at 19*; RCI Entm't, Inc. v. City of San Antonio*, 373 S.W.3d 589, 595 (Tex. App. – San Antonio 2012, no pet.). However, an ordinance that attempts to regulate a subject matter preempted by a state statute is unenforceable *to the extent it conflicts with a state statute*. *Dallas Merchant's,* 852 S.W.2d at 490–91 (emphasis added); *RCI Entm't,* 373 S.W.3d at 595. Nevertheless, if the Legislature decides to preempt a subject matter normally within a home-rule city's broad powers, it must do so with

8

"unmistakable clarity." *In re Sanchez,* 81 S.W.3d 794, 796 (Tex. 2002); citing *Dallas Merchant's,* 852 S.W.2d at 491.

The Legislature did not preempt the regulation of disposable containers by municipalities with the required unmistakable clarity when it enacted section 361.0961 of the Solid Waste Disposal Act. Because the legislation is located in the Solid Waste Disposal Act, and because throughout the Act "container" is referred to as a vessel of some sort intended to hold waste – it is a reasonable interpretation that the regulation of containers *not intended for waste* is not covered by the Act. However, even if the Court were to agree with appellees, and find that the Act preempts a municipality from regulating any container with the goal of source reduction or waste minimization, the Court still must endeavor to leave the Ordinances intact so long as there is any possible way to do so. *Dallas Merchant's*, 852 S.W.2d at 491 ("A general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached."); *In re Sanchez,* 81 S.W.3d at 796 (Courts will not hold an ordinance and a state statute "repugnant to each other if they can reach a reasonable construction leaving both in effect."). Because the Act is not clear as to what is prohibited or intended in regard to the term "container", and because there are multiple fair and reasonable constructions that would leave both the Ordinances and the Act in effect, the Ordinances are not preempted by the Act.

9

## PRAYER

For these reasons, the City of Austin respectfully requests that the Court reverse the trial court's order, and render judgment on behalf of appellant.

RESPECTFULLY SUBMITTED,
KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

*/s/ Meitra Farhadi*
MEITRA FARHADI
Assistant City Attorney
State Bar No. 24036547
City of Austin-Law Department
Post Office Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2310
Facsimile: (512) 974-1311
meitra.farhadi@austintexas.gov

**COUNSEL FOR AMICI CURIAE**
**CITY OF AUSTIN**
**TEXAS MUNICIPAL LEAGUE**
**TEXAS CITY ATTORNEYS ASSOCIATION**

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Appellate Rules of Civil Procedure, on this 10th day of March, 2015, as follows:

**Via the CM/ECF System to:**

**COUNSEL FOR APPELLEES:**
Jim Ewbank
State Bar No. 06343030
Cokinos, Bosien & Young
1210 Nueces Street
Austin, Texas 78701
Telephone:   (512) 476-1080
Facsimile:   (512) 476-7770
jewbank@cbylaw.com

Jonathan Hull
State Bar No. 00798950
Reagan Burrus, PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas 78130
Telephone:   (830) 358-7499
Facsimile:   (830) 625-4433
jhull@reaganburrus.com

**COUNSEL FOR APPELLANT:**
William M. McKamie
State Bar No. 13686800
Adolfo Ruiz
State Bar No. 17385600
McKamie Krueger, LLP
941 Proton Road
San Antonio, Texas 78258
Telephone :  (210) 546-2122
Facsimile :   (210) 546-2130
mick@mckamiekrueger.com
adolfo@mckamiekrueger.com

Bradford E. Bullock
State Bar No. 00793423
Knight & Partners
223 W. Anderson Lane, Suite A-105
Austin, Texas 78752
Telephone :  (512) 323-5778
Facsimile :   (512) 323-5773
bradford@cityattorneytexas.com

Valerie M. Acevedo, City Attorney
State Bar No. 00798020
J. Frank Onion III, Assistant City Attorney
State Bar No. 15289500
City of New Braunfels
P.O. Box 31747
New Braunfels, Texas 78131
Telephone:  (830) 221-4280
Facsimile:   (830) 626-5578
vacevedo@nbtexas.org
fonion@nbtexas.org

/s/    *Meitra Farhadi*
MEITRA FARHADI

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(B) because this brief contains 2079 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

*/s/    Meitra Farhadi*
MEITRA FARHADI